## Aaron L. Porter
### *v.*
## John Dement.

1. CHATTEL MORTGAGES — *of recording a copy.* A party to whom a chattel mortgage had been given, having lost the original without its having been recorded, caused a copy thereof to be made, and procured the justice before whom the original had been acknowledged, to certify that it was a correct copy of the one acknowledged before him, and this copy, so certified, was recorded in the recorder's office. *Held,* that the recording of the copy could not avail the mortgagee, to protect him against a levy of an execution against the mortgagor, subsequently made, while the property remained in the hands of the latter.

2. The original mortgage is required to be recorded in the recorder's office. The law has made no provision for authenticating to the recorder a copy of such a mortgage, nor has he any authority to transcribe a supposed copy of such an instrument upon his records.

3. SAME — *necessity for recording — effect of actual notice of the mortgage.* Nor will actual notice of the mortgage, in the event of its not having been properly

recorded, avail to protect the mortgagee. As between the parties, a chattel mortgage is valid without acknowledging or recording; but it has no effect upon the rights of third parties acting in good faith; and there is no want of good faith on the part of a creditor in levying upon his debtor's property included in a chattel mortgage which the law declares void as to him.

4. SAME — *rule of construction of the statute.* The statute in regard to chattel mortgages is in derogation of the common law, and should be strictly construed.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

This was an action of replevin brought in the Circuit Court by John Dement against Aaron L. Porter. The trial resulted in a verdict and judgment for the plaintiff. The defendant brings the case to this court upon writ of error.

The facts are sufficiently set forth in the opinion of the court.

Messrs. BARGE & FOUKE, for the plaintiff in error.

Mr. GEORGE P. GOODWIN, for the defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is an action of replevin for two horses. On the trial, the plaintiff claimed title to the property under a chattel mortgage to him made by one Glenn; and the defendant as sheriff of Lee county had levied upon the horses while in Glenn's possession, under an execution against him. The chattel mortgage under which the plaintiff claimed, was duly acknowledged, but was never filed for record in the recorder's office. About two months after its execution it was lost, and the mortgagor caused a copy of it to be made which he signed, and procured the justice, before whom the original was acknowledged, to certify that it was a correct copy of the one acknowledged before him. The copy so certified was recorded in the recorder's office. No entry was made upon the docket of the justice of an acknowledgment of the copy as required by law. The statute in regard to chattel mortgages is in derogation of the common law, and should be strictly construed. It contem-

plates that an entry shall be made upon the docket of the justice of the acknowledgment, together with the names of the mortgagor and mortgagee, and a description of the property mortgaged at the time when the acknowledgment is taken. The original mortgage is required to be recorded in the recorder's office, and it is the duty of the recorder correctly to transcribe the same. To do this he must have the original before him. The law has made no provision for authenticating to the recorder a copy of such a mortgage; he has no authority to transcribe a supposed copy of such an instrument on the records of his office; and he is not responsible for the correctness of any such transcript. The copy, or duplicate mortgage, was not and does not purport to have been acknowledged as the law requires, and for that reason is invalid as an original mortgage. The justice had no authority to certify that it was a copy. A certificate of the mortgagor, or of the chairman of the board of supervisors, or a letter from an acquaintance, would have been as effectual to authenticate a copy of the mortgage as the certificate of the justice. The recorder did not know whether the copy was a correct one or not. He had no authority to record it, and when transcribed it would appear to the world as a transcript of a paper which some estimable gentleman supposed to be a copy of a mortgage. We think this is not such a recording of the original mortgage as the statute requires. It appeared in evidence that the defendant had notice before he made the levy under which he claimed the property. As between the parties, a chattel mortgage is valid without acknowledging or recording; but it has no effect upon the rights of third parties acting in good faith. There is no want of good faith on the part of a creditor in levying upon his debtor's property included in a chattel mortgage which the law declares void as to him. *Forrest* v. *Tinkham*, 28 Ill. 141; *Hunt* v. *Bullock*, 23 id. 320; *Travis* v. *Bishop*, 13 Metc. 304; *Denny* v. *Lincoln*, 13 id. 200.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*