HORACE L. SAGE

*v.*

NEWELL BROWNING.

1. CHATTEL MORTGAGES—*effect of actual notice of a mortgage not acknowledged.* A chattel mortgage not acknowledged, is void, as against a junior mortgagee, notwithstanding he took with actual notice of the elder mortgage.

2. FORMER DECISIONS. The same rule is announced in the cases of *Forrest* v. *Tinkham*, 29 Ill. 141; *Porter* v. *Dement*, 35 ib. 478, and *Frank* v. *Miner*, 50 ib. 444. The cases of *Van Pelt* v. *Knight*, 19 Ill. 535, and *Hathorn* v. *Lewis*, 22 ib. 395, are not in conflict with this doctrine.

3. CHATTEL MORTGAGES. The rule in regard to the effect of actual notice of an unrecorded deed of realty, has no application to the case of a chattel mortgage not legally executed and acknowledged.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of replevin for a horse, originally brought before a justice of the peace, by the appellant, against the appellee, and judgment was rendered in favor of the defendant. An appeal was taken to the Circuit Court of Knox county, and a trial had before the court and a jury, which resulted in like manner.   The plaintiff brings the case to this court upon writ of error.

The case involves a conflict between two chattel mortgages on the property in question, one executed to the plaintiff in error, June 1, 1867, by one Charles H. Sage, for $250, and recorded the same day; and the other, executed by the same party, to the defendant in error, February 27, 1867, for $56.16, but which was not acknowledged before the proper officer. The question presented by the record is, whether the plaintiff in error can claim priority in his mortgage, though subsequent in its date, on account of the failure of the defendant in error to have his mortgage acknowledged before the proper officer, notwithstanding he had actual notice of the elder mortgage.

Mr. F. C. Smith and Mr. A. M. Craig, for the plaintiff in error.

Messrs. Frost & Tunnicliff, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court :

This case turns upon the question, whether the mortgagee in a chattel mortgage not acknowledged before the proper officer, can hold the property against a junior mortgagee who took with actual notice of the elder mortgage.   In the cases of *Forrest* v. *Tinkham*, 29 Ill. 141 ; *Porter* v. *Dement*, 35 ib. 478, and *Frank* v. *Miner*, 50 ib. 444, this court has held the elder mortgage to be void in such cases, notwithstanding actual notice.

Counsel for the defendant in error cite *Van Pelt* v. *Knight*, 19 Ill. 535, and *Hathorn* v. *Lewis*, 22 ib. 395, as holding a

different rule. The first case hardly touches this question, and the second was decided on the ground that the purchaser in that case, in buying from the mortgagor, was understood to be buying only his equity of redemption, and did not pay the full value of the property, but allowed for the mortgage. The court evidently considered him under an implied promise to pay the mortgage. This case can not, therefore, be regarded as in substantial conflict with the later decisions.

Counsel refer to the rule in regard to the effect of actual notice of unrecorded deeds of realty. A comparison, however, of the 1st section of the act of chattel mortgages with the 23d section of the act of conveyances, will show there is no analogy. In the one act, a mortgage not legally executed and acknowledged, is declared void, as to all third persons; in the other, an unrecorded deed is declared void, as to creditors and subsequent purchasers *without notice.*

The instructions of the circuit court were in conflict with the rule established by this court, and the judgment must be reversed.

*Judgment reversed.*