## Woodford G. McDowell *et al.*

*v.*

## Samuel Stewart.

1. Chattel mortgage—*as to acknowledgment.* A chattel mortgage, as between the parties, is valid, without any acknowledgment; but without the acknowledgment, it has no effect upon the rights of third parties acting in good faith, and notice of such a mortgage does not prevent a creditor from subjecting the property to the payment of his debt.

2. Same—*effect of a false certificate of acknowledgment.* Where a mortgagor requested a justice of the peace to go to the office of the mortgagee, which was in a different town from that in which the justice and mortgagor resided, and the justice, in the absence of the mortgagor, at the request of the mortgagee, added his certificate of acknowledgment to a chattel mortgage, in due form: *Held,* that the certificate was false, and that the mortgaged property was liable to levy and sale, on execution against the mortgagor.

Appeal from the Circuit Court of Livingston county; the Hon. Nathaniel J. Pillsbury, Judge, presiding.

Mr. A. E. Harding, and Mr. H. H. McDowell, for the appellants.

Mr. D. L. Murdock, Mr. C. C. Strawn, and Mr. S. S. Lawrence, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellants, being sued on a bond which they had executed in a certain action of replevin, set up, as defense, that the suit was not tried upon its merits, and that the plaintiff therein was entitled to the possession of the property by virtue of a

chattel mortgage executed by one Robert J. Johnson. The defendant in the replevin suit was the sheriff of the county, and he claimed the property by virtue of three writs of *fi. fa.* against Robert J. Johnson.

The points made on the ruling of the court below are all disposed of by the determination of the question,—was the chattel mortgage from Johnson to the plaintiff in the replevin suit acknowledged in conformity with the statute?

The instrument introduced in evidence as such mortgage purported to have been so acknowledged, but the evidence successfully contradicts it

Johnson and the justice of the peace both reside in Avoca township, and the mortgagee resides in Indian Grove township, in which is the village of Fairbury. On the day the instrument purports to have been acknowledged, Johnson and the justice of the peace were in Fairbury, and Johnson requested the justice to go to the office of the mortgagee, which he did. When he arrived at the office, Johnson being absent, the mortgagee told him he had a mortgage, of which he wished him to take the acknowledgment, and he thereupon added his certificate of acknowledgment. Johnson, the justice of the peace and the mortgagee, all concur in saying that Johnson was not present when the certificate of acknowledgment was affixed, and that the fifty head of hogs were not then included in the description of the property in the mortgage, but were added, afterwards, by the mortgagee,—as he says, with the consent of Johnson. Both the justice and Johnson positively swear that Johnson did not at any other time acknowledge the execution of the mortgage, and in this no one contradicts them. They also swear that Johnson's name was not to the instrument when the justice affixed his certificate, but the mortgagee swears that it was.

It is very clear that the certificate of acknowledgment is false, and that the statute was not, in fact, complied with in that regard.

Whether notice was conveyed to parties as well by the instrument, as thus executed, as it would have been had the law

been faithfully observed, is not for us to inquire. As between the parties, it was valid without any acknowledgment; but, without the acknowledgment, it has no effect upon the rights of third parties acting in good faith. *Porter* v. *Dement*, 35 Ill. 478. In such case, actual notice of the mortgage does not prevent the creditor from asserting his right to subject the property to the payment 'of his debt. *Frank* v. *Miner*, 50 Ill. 444; *Forrest* v. *Tinkham*, 29 id. 141; *VanPelt* v. *Knight*, 19 id. 535; *Sage* v. *Browning*, 51 id. 217. "There is no want of good faith on the part of a creditor in levying upon his debtor's property included in a chattel mortgage which the law declares void as to him." *Porter* v. *Dement, supra.*

The rulings of the court below in regard to the instructions and the admission of evidence, were in harmony with the views we have expressed, and therefore demand no special consideration.

We are unable to discover any error in the record, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*