JAMES F. LONG

*v.*

LOTHAIRE B. COCKERN et al.

*Filed at Springfield April 5, 1889.*

1. CHANCERY—*admission in answer, whether evidence against a co-defendant.* In a contest between the mortgagee of chattel property and a purchaser from the mortgagor, in which the mortgagee claims the property as a fixture to real estate mortgaged to him, the answer of the mortgagor and his wife, admitting that the chattels were fixtures to the realty, is not evidence against the purchaser of the property from the mortgagor.

2. FIXTURE—*portable engine and saw-mill.* The owner of a portable engine and saw-mill sold the same to a party, who moved the machinery, and set it up on his wife's land, and the purchaser and his wife gave

their mortgage on the land for the price of the engine, mill, etc. The mill was placed upon sills, and attached to stakes driven into the ground, so as to render it stationary while being operated. The engine was sunk into the ground and a shed built over it: *Held*, that the property did not acquire the character of fixtures, so as to become a part of the realty, and pass to the mortgagee.

4. The vendor of a portable engine and saw-mill, after the purchaser had set up the same on his wife's land for use, which was mortgaged for the price, brought replevin for the engine and mill as personal property, which was afterward dismissed, and after a return of the property, the purchaser sold the same, in good faith, to a creditor: *Held,* that the institution of the replevin suit by the vendor, if it did not estop him to claim the property as part of the realty, afforded very · strong evidence against him that the property was not real estate.

5. CHATTEL MORTGAGE—*not properly acknowledged.* A chattel mortgage not acknowledged as required by the statute, is void as to creditors and purchasers, notwithstanding actual notice.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Brown county; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. BERRY & EPLER, for the appellant:

Such articles as portable mills, engines and boilers, more or less firmly affixed to the realty, will, in the absence of circumstances showing a contrary intention, be presumed to have been attached as permanent accessions to the soil. The tests are: First, actual annexation to the realty; second, application to use in connection with the realty; and third, the intention of the parties making the annexation, to make a permanent accession to the freehold. *Sword* v. *Low*, 122 Ill. 487.

Fixtures designed for permanent use, and of benefit to the land, are presumed to be real estate, and pass under the mortgage afterward made, as, platform scales let into the ground of a farm. *Arnold* v. *Crowder*, 81 Ill. 56.

Fixtures put on by the mortgagor after execution of the mortgage, become part of the realty, and subject to the mortgage. (*Wood* v. *Whelen*, 93 Ill. 153; *Wright* v. *Gray*, 73 Me.

297; Ewell on Fixtures, 275-279, and notes, 281, and notes.) For it is presumed the mortgagor intended to improve his own. Ewell on Fixtures, 282.

So of a frame office, adjacent to a mill, resting on wooden blocks on the surface of the ground, put there after mortgage on the mill, is held realty. (*Savings Bank* v. *Kercheval*, 65 Mo. 682.) So of a Noyes Portable Grist-mill fastened to the floor of a building, for use there. *Potter* v. *Cromwell* 40 N. Y. 287.

A saw-mill attached to floor timbers, passes under a prior mortgage. *Davenport* v. *Shants*, 43 Vt. 546.

A saw-mill erected on government land under pre-emption right, afterward lost, becomes a part of the realty, and the occupant has no right to remove the same. Ewell on Fixtures, 57, note 4; *Treadway* v. *Sharon*, 7 Nev. 37.

Buildings and mills put by a mortgagor on mortgaged land are held by the mortgagee till the mortgage debt is paid. (*Matzon* v. *Griffin*, 78 Ill. 477; *Burnside* v. *Twitchell*, 48 N. H. 390.) And if the fixtures be removed from the land mortgaged, equity will follow, and subject the same to the mortgage lien, (*Kimball* v. *Darling*, 32 Wis. 675,) as, where a grist and saw-mill are severed and levied on by other creditors. *Witmer's Appeal*, 45 Pa. St. 455.

The insertion of the portable mill, etc., into the mortgage of the land, was immaterial, as it became realty by being placed on the land. *Vogle* v. *Ripper*, 34 Ill. 100.

A severance by the owner, or by the tortious act of a stranger, or by the act of God, will not constitute the thing severed realty. *Rogers* v. *Gillinger*, 30 Pa. St. 1885; *Gray* v. *Holdship*, 17 S. & R. 413.

Neither the owner of land, his assignee, nor a stranger, can divest the lien without the consent of the party entitled to the benefit thereof, (Ewell on Fixtures, 47,) as, where the debtor detaches fixtures from the land after levy of execution thereon, (*Latham* v. *Blakely*, 70 N. C. 368,) or where severance is made by a third party. *Gray* v. *Holdship*, 17 S. & R. 413.

Nor, in case of a mortgage, could severance divest the lien without the consent of the mortgagee. *Witmer's Appeal*, 45 Pa. St. 455; *Hoskin* v. *Woodward*, id. 42; *Kimball* v. *Darling*, 32 Wis. 687; *Hutchins* v. *King*, 1 Wall. 53.

Generally speaking, the mortgagee has the same rights as the owner of the fee, and may enjoin the removal of fixtures, (1 High on Injunctions, sec. 478; Ewell on Fixtures, 408,) and follow the same, if severed. *Matzon* v. *Griffin*, 78 Ill. 477.

The mortgagee may enjoin cutting timber. *Nelson* v. *Pinegar*, 30 Ill. 473.

After the mortgagee had taken possession, it was immaterial whether the mortgage was acknowledged as a chattel mortgage, or whether it was acknowledged at all or not. His possession was notice of his rights. *Gaar, Scott & Co.* v. *Hurd*, 92 Ill. 326; *Chipron* v. *Feikert*, 68 id. 284; *Frank* v. *Miner*, 50 id. 444.

Mr. John J. Teefey, for the appellee J. W. Metcalf:

The alteration of the mortgage by Cockern in the absence of his wife made the mortgage void as to her. *White* v. *Jones*, 38 Ill. 159; *Montag* v. *Linn*, 23 id. 551.

A fixture is something substantially and permanently attached to the soil, though in its nature removable. 1 Washburn on Real Prop. 20.

Machines which may be used in any other building as well as that in which they are placed, are ordinarily deemed personal chattels, though fastened securely to the freehold, if the same can be removed without material injury to the freehold. 1 Washburn on Real Prop. 25; *Kelly* v. *Austin*, 46 Ill. 156; *Goff* v. *O'Conner*, 16 id. 421; *Cook* v. *Whiting*, id. 480.

Unless Metcalf was guilty of fraud, he will be protected in his purchase. Bishop on Contracts, sec. 1210; *Miller* v. *Kirby*, 74 Ill. 242; *Hatch* v. *Jordon*, id. 414; *Gridley* v. *Bingham*, 51 id. 153; *Ewing* v. *Runkle*, 20 id. 448.

A creditor purchasing in payment of his debt is protected. *Butters* v. *Haughwout*, 42 Ill. 18 ; *Gray* v. *St. John*, 35 id. 232 ; *Manning* v. *McClure*, 36 id. 490 ; *Waggoner* v. *Cooley*, 17 id. 245.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by James F. Long against Lothaire B. Cockern, Emily S. Cockern his wife, and John W. Metcalf, to foreclose a mortgage on certain lands, and to restrain the defendants from removing a certain saw-mill, steam-engine and other personal property appurtenant thereto, out of the jurisdiction of the court. The facts are these: On the 21st day of October, 1885, Long, who then was and for several years had been the owner of a portable steam-engine and saw-mill, boiler-wagon and log-wagon, sold them to Lothaire B. Cockern for $1200, Cockern agreeing to give Long his note for that amount, and to secure its payment by a mortgage to be executed by himself and wife on certain lands owned by his wife upon which said saw-mill was to be set up and operated, the mortgage to cover also the engine, mill, etc. In pursuance of this agreement Cockern executed his note to Long for $1200, and he and his wife executed and acknowledged a mortgage on said lands securing said note. When Cockern brought the note and mortgage to Long and offered to deliver them to him, Long objected that no mention was made in the mortgage of the engine, saw-mill, etc., and Cockern thereupon, in his wife's absence, inserted in the mortgage immediately after the description of the land as follows: "Together with one portable steam-engine and saw-mill, boiler-wagon and log-wagon." The note and mortgage were then delivered, and Cockern shortly afterward took possession of the boiler, saw-mill, etc., and set them up on the mortgaged land.

The mill was set on sills, and was fastened to stakes driven into the ground to keep the track from slipping. The boiler was sunk into the ground to about the level of the top, and a

shed was built over them.   Cockern, shortly after buying the mill told Long that he had placed it on said premises for permanent use, and that the shed was put there to stay.   The oath to the defendants' answers was waived by the bill so that the answers only serve the purpose of pleadings, but both Mr. and Mrs. Cockern admit and allege in their answers that the engine and mill were placed upon said land with the intention that they should become a part of the realty.

Said note became due in April, 1886, and no part of it having been paid, Long, on the 17th day of June, 1886, brought his replevin suit against Cockern for the recovery of said engine, saw-mill, etc., and by virtue of the writ in that suit said property was detached and taken from said premises and delivered into the possession of Long.   Subsequently Long dismissed his replevin suit, and judgment was thereupon entered against him therein for costs and for a return of the property replevied, and upon a writ of *retorno habendo* said property was taken by the sheriff from Long and returned to Cockern. On the day the property was returned it was levied upon by virtue of an execution issued upon a judgment by confession for $1267.50 and costs, in favor of one Edward R. Metcalf and against Cockern.   The property was advertised for sale under the execution, and Edward R. Metcalf having in the meantime assigned the judgment to defendant John W. Metcalf, a settlement was made between John W. Metcalf and Cockern by which it was agreed that the levy should be vacated, and that Metcalf should take said property at $500 and credit that amount on the judgment, Cockern at the same time agreeing to remove the property to Fort Madison, Iowa, and there set it up and operate it as lessee of Metcalf, paying him rent therefor at the rate of $60 per month.

The evidence tends to show that at the time of said settlement Metcalf had notice of Long's claim to said property by virtue of his mortgage.   As Cockern was about to remove said property to Iowa in pursuance of his arrangement with Met-

calf, the present suit was commenced and such removal re-strained by injunction. Pending the litigation said property was placed in the custody of a receiver.

The cause was heard on pleadings and proofs, and a decree rendered assessing the amount due to Long on said mortgage and ordering a foreclosure of the mortgage and a sale of the mortgaged premises for the payment of the amount due and costs, but finding that said steam-engine, saw-mill, boiler-wagon and log-wagon were personal property and not within the lien of the mortgage, and directing the receiver to return the same to defendant Metcalf, and ordering that the injunc-tion be dissolved. From this decree Long appealed to the Appellate Court where said decree was affirmed, and by a fur-ther appeal said Long has brought the record to this court.

The only question presented by the appeal is, whether the steam-engine, saw-mill, boiler-wagon and log-wagon are sub-ject to the lien of the complainant's mortgage. It is insisted, first, that said property had become attached to the soil so as to become a permanent addition thereto and therefore a part of the realty, and secondly, that if it is to be treated as per-sonal property, the mortgage should, as to it, be held to be a valid chattel mortgage.

It should be observed that the real controversy is between the complainant and defendant Metcalf, and therefore that the admissions or averments of Cockern and wife in their answers can have no force as against Metcalf. Leaving those admis-sions out of the question, we are of the opinion that, even without reference to the replevin suit, the fair inference to be drawn from the evidence is, that said property did not acquire the character of fixtures so as to become a part of the realty. The engine and saw-mill were of a class of property commonly known as "portable," and they had been owned and used by Long as portable property for five years, and during that time had been moved about and set up and operated by him in several different places. In the mortgage they are described

as a "portable steam-engine and saw-mill," etc. Nor does the evidence show anything in relation to their mode of attachment to the soil after their purchase by Cockern which necessitates the conclusion that it was his intention to make of them a permanent addition to the land. The mill, it is true, was placed on sills and attached to stakes driven into the ground, so as to render it stationary while being operated, but all this, it may be presumed, was necessary to its successful operation wholly irrespective of the permanency of the attachment. The building of a shed doubtless shows that it was the intention of Cockern to operate the mill at the place where he had set it for a considerable time, but it by no means argues that he did not intend to remove it after the timber in that locality should be exhausted.

But the institution by Long of his replevin suit to recover possession of this property as personal property, if not an estoppel upon him, constitutes at least an admission on his part to which very great force must be given, that said property had not become a part of the realty, but still retained its character as goods and chattels. By resorting to replevin he asserted that they were personal property, and in his affidavit in replevin he swore that such was their character. We are of the opinion that the Circuit Court was fully justified, under all the evidence, in holding that said property was not a part of the realty.

It being personal property, can the complainant hold it under his mortgage as a chattel mortgage? There is no pretense that the mortgage was acknowledged as required by the statute in relation to chattel mortgages. Cockern and wife, at the time of its execution, were residents of Hancock county, and the acknowledgment was taken before a notary public of that county, and in the form appropriate to conveyances of real property. The rule is well settled that a chattel mortgage not acknowledged as required by the statute, is void as to creditors and purchasers, notwithstanding actual notice. *Forest*

v. *Tinkham,* 29 Ill. 141; *Porter* v. *Dement,* 35 id. 478; *Frank* v. *Miner,* 50 id. 444; *Sage* v. *Browning,* 51 id. 217.

Metcalf was a creditor, and so far as appears, took the property from Cockern *bona fide* in part satisfaction of his debt. This he had a legal right to do. The mortgage was void as to him, and it was therefore immaterial whether he had notice of its existence or not.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*