## Miles K. Young, Receiver of the Illinois Building and Loan Association, v. W. W. Stevenson.

1. BUILDING AND LOAN ASSOCIATIONS—*Distinction Between Officers and Members as Stockholders.*—A distinction should be maintained between the liability of a private stockholder who, while the association is a going concern, surrenders his stock and receives in return the withdrawal value thereof in ignorance of the fact that the association is insolvent, and the liability of the withdrawing stockholder who is an officer, and who, at the time of withdrawing, knows that it is insolvent.

2. SAME—*Officer Not to be Permitted to use his Superior Knowledge.*—The relation of an officer to the association and its assets is entirely different from that of the ordinary stockholder. He should not be permitted to make use of the superior knowledge which his position gives him as to the assets and liabilities, profits and losses, in obtaining an advantage over others who have embarked with him in the same enterprise, even though he acts within the forms and regulations of the association.

3. SAME—*Withdrawal by Members of an Insolvent Association—The Remedy Not at the Suit of a Receiver.*—The act of a stockholder in withdrawing his stock at its book value at a time when he knows the association is insolvent, is a fraud upon creditors and other stockholders, and he may be compelled to repay what he has thus taken from the assets, but he can not be compelled to repay at the suit of a receiver appointed to wind up the affairs of the association.

4. RECEIVERS—*Appointed to Wind up the Affairs of a Corporation.*—Where a receiver is appointed to wind up the affairs of a corporation, he is, so far as concerns the nature and extent of his title, the representative of the corporate body itself and not of its creditors or shareholders, and for the purposes of litigation takes only the rights of the corporation.

Young v. Stevenson.

Assumpsit, to recover money withdrawn from the funds of the association upon shares of stock. Trial in the Circuit Court of McLean County; the Hon. John H. Moffett, Judge, presiding. Judgment for defendant on demurrer to plea; appeal by plaintiff. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

Kerrick & Bracken, attorneys for appellant.

Insolvency in the case of a building and loan association, is that condition in which its liabilities to its shareholders exceed its assets. Chapman v. Young, 65 Ill. App. 131; Towle v. Building L. Society, 61 Fed. Rep. 446.

An officer of an insolvent building and loan association knowing the association to be insolvent, can not discharge his debt to the association with its stock held by him. Quein v. Smith, 108 Pa. St. 325.

When a building and loan association is known to be insolvent, though before the actual date of the winding up order, the right of withdrawal is at an end. In re Sunderland, etc., 24 Q. B. Div. 394–405; Carrick v. N. British Bldg. Soc., 22 Scottish Law Rep. 833; Thompson on Bldg. & L. Ass'ns, p. 67, Sec. 12; Chapman v. Young, 65 Ill. App. 131; Gibson v. Safety Homestead Ass'n, 170 Ill. 44.

The order prescribed by the by-laws of a building association for the payment of money out of its treasury to the different classes of members in the regular course of business of the association does not apply to the distribution of its assets when insolvent. Criswell's Appeal, 100 Pa. St. 488.

The insolvency of a building association puts an end to its operations as a building association. To a certain extent, it also puts an end to the contract between it and its members respectively, and nothing remains but to wind it up in such a manner as to do equity to creditors and among the members themselves. Strohen v. Franklin Saving & Loan Ass'n, 115 Pa. St. 273.

A borrowing stockholder, in settling with an insolvent building association, should be required to repay what he actually received, with interest. He will then be entitled, after the debts of the corporation are paid, to a *pro rata* dividend with the non-borrowing stockholder for what he has paid upon his stock. Ibid. 274.

Rights which belong to shareholders collectively are rights in the corporate concern and are to be enforced through the corporate organization. Morawetz on Private Corporations, 2d Ed., Sec. 235–236.

The general issue having been pleaded to the declaration, a demurrer to special pleas can not be carried back to the declaration. Whether or not the declaration states a cause of action and a right in the plaintiff to sue are questions not before the court. Mount v. Hunter, 58 Ill. 246; Compton v. People, 86 Ill. 176; Ryan v. May, 14 Ill. 49.

ROWELL, NEVILLE & LINDLEY and J. E. POLLOCK, attorneys. for appellee, contended that a receiver merely stands in the shoes of the corporation, and can maintain no action which could not have been maintained by the corporation whom they represent. Republic Life Ins. Co. v. Swigert, 135 Ill. 165.

He is clothed with such rights of action only as might have been maintained by the person over whose estate he has been appointed and to whose rights for purposes of litigation he has succeeded. Bouton v. Dement, 123 Ill. 142; Burch v. West, 33 Ill. App. 359; Receivers v. Patterson Gas L. Co., 23 N. J. Law, 383; Moise v. Chapman, 24 Ga. 249; Coope, Receiver, etc., v. Bowles et al., 42 Barb. 87.

A proceeding even by the creditors of an insolvent corporation to recover an unpaid balance claimed to be due the corporation on shares of stock when the amount received as full payment was much less than the face value of the stock will not lie until after the fraudulent agreement shall have been set aside in equity. Sangamon Coal Mining Co. v. Richardson, 33 Ill. App. 277; Peck v. Coal Field Coal Co., 3 Ill. App. 624; Scovill v. Thayer, 105 U. S. 143.

A receiver or assignee of partnership property has no power to bring suit at law or in equity against the members of a firm for the purpose of securing payment of debts due the firm. Lund v. The Skanes Enskilda Bank, 96 Ill. 181.

No action will lie for money paid where there is no undertaking, express or implied, to pay the same back. Briscoe v. Power, 64 Ill. 72; Durant v. Rogers, 71 Ill. 121.

No action will lie at law or in equity to recover back money voluntarily paid. Conkling v. City of Springfield, 132 Ill. 420; Bradford v. City of Chicago, 25 Ill. 411; Miller v. Second Jefferson B. Ass'n, 50 Pa. St. 32.

The right of action for money improperly paid to stockholders of a corporation as dividend is in the stockholders and not in the receiver. Butterworth v. Brown, 39 Barb. 192; Hewitt v. Adams, 50 Me. 271.

In case of misconduct of a corporation or its officers, creditors and stockholders must pursue the remedy in their own name. Republic Life Insurance Company v. Swigert, 135 Ill. 170; Gottlieb v. Miller, 154 Ill. 56.

A director or officer of a corporation may deal with it, borrow money from it, or loan money to it, and take security therefor or settle his account with it in like manner as a stranger. Merritt v. Peru Coal Co., 61 Ill. 472; Harts v. Brown, 77 Ill. 226; Beach v. Miller, 23 Ill. App. 154; 130 Ill. 162; Roseboom et al. v. Whittaker, 132 Ill. 81; Mullanphy Saving Bank v. Shott, 135 Ill. 666; Oil Company v. Morbury, 91 U. S. 587; Buel v. Buckingham, 16 Iowa, 284; Sargent v. Webster, 13 Met. 497.

Where a building and loan association accepts of a borrower a surrender of his stock upon certain terms it will be bound by those terms. Mutual B. & L. Ass'n v. Tascott et al., 143 Ill. 305; Ide v. Sayer, 129 Ill. 230; Preston v. Spaulding et al., 120 Ill. 208.

A building and loan association has a right, though insolvent, to pay off withdrawing stockholders, so long as it continues to do business and does not recognize the necessity of winding up. In re Ambition Investment Building Society, Law Reports, 1896, Chy., Vol. 1 (Q. B. Div.), page 89.

Stockholders of a building and loan association who have withdrawn and been paid can not thereafter be called upon under a winding-up order to repay anything to the association. In re The Sheffield and South Yorkshire Permanent Building Society in Liquidation, 22 Q. B. Div. 470.

MR. JUSTICE HARKER delivered the opinion of the court. This is an action of assumpsit, brought by appellant as

receiver of the Illinois Building and Loan Association, to recover money withdrawn from the funds of the association upon shares of stock held by appellee at different times and while he was a director and the treasurer of the concern.

The record shows that a number of counts, amended counts, pleas and amended pleas were at various times discussed before and considered by three different trial judges, but it is not necessary to set forth a full history of the pleadings of the case. The declaration which was held to be good upon demurrer consists of the common counts and two special amended counts. The first special count as amended avers in substance that on divers dates, between February 17, 1894, and October 1, 1894, the defendant was a stockholder, director and treasurer of the Illinois Building and Loan Association; that on said several dates he withdrew from the association the full book value on a large number of shares, amounting in all to $17,712.94; that on said dates the association was insolvent, and had not sufficient assets to pay all stockholders full book value of their shares, all of which was well known by the defendant; that it was his duty as director and treasurer to care for and preserve the assets of the association for the use and benefit of all its stockholders in proportion to their respective holdings, but that he, in fraud of the rights of the other stockholders and the association, withdrew from the assets the full amount of his stock that he would have been entitled to withdraw had the association been solvent and owned sufficient assets to pay in full the book value of all outstanding stock. The second special count as amended differs from the first only in averring that at the dates of withdrawals made by the defendant the association was in such condition financially as to render its liquidation and the winding up of its affairs inevitable, and in such condition that all stockholders could not be paid in full from its assets, and that the defendant knew it.

In addition to the general issue the defendant filed a number of special pleas, a part of which were replied to and issue joined thereon, and demurrers were sustained to all

not replied to except the sixth additional plea and the amended fifth additional plea.  The sixth plea avers that at the various times when the. defendant is alleged to have withdrawn stock, the association was engaged in the prosecution of its ordinary business and in good faith intended and expected to continue said business as a going concern until its stock matured; that the association was paying to all stockholders who presented their stock for withdrawal full book value thereof, and that the defendant in the regular way, as prescribed by the by-laws, surrendered his stock and was paid only what he had paid in and the profits thereon as determined by the rules of the association.  The amended fifth additional plea avers that at the times when the defendant is alleged to have withdrawn stock, he was indebted to the association for money borrowed upon the stock held by him, for which the association held his promissory note; that the note was due; that the principal and interest thereon amounted to the withdrawal value of his stock; that by agreement with the association he surrendered to it in settlement of his debt the stock so held by it as security; that such transaction was in the ordinary course of the association's business and done at times when it was paying out to all stockholders who presented their stock for withdrawal full book value, and that at the times of such withdrawal the directors of the association had not stopped business and had not recognized the insolvency of the association.  The court having overruled a demurrer to these pleas, the receiver elected to stand by it and judgment was rendered against him for costs.

The only errors assigned relate to the action of the court in overruling the demurrer to the two special pleas above set forth and in rendering judgment against appellant for costs.  So far as the liability of appellee, in this suit, to compel him to pay back the amount of the withdrawals received by him is concerned, the pleas do not materially differ.  The theory of appellee, as set forth in them, is that so long as a building and loan association is a going concern and its officers intend, and in good faith expect to continue in business

until all stock matures in regular way, all payments made upon the withdrawal of stock in accordance with the values ascertained by the rules and by-laws of the associations, whether paid to a private stockholder or an officer holding stock, come within the legitimate power and authority of the association, that it is bound thereby, and that a receiver representing the association is in like manner bound.

We are much inclined to the view that a distinction should be maintained between the liability of a private stockholder who, while the association is a going concern, surrenders his stock and receives in return the withdrawal value thereof in ignorance of the fact that the association is insolvent, and the liability of the withdrawing stockholder who is an officer, and who, at the time of withdrawing, knows that it is insolvent. While there is authority for the contention that stockholders who have withdrawn and been paid the book value of their stock as ascertained under the rules and by-laws of the association can not thereafter be compelled under a winding up order to repay, it should not apply to an officer having in charge the affairs of the association, and who, at the time of withdrawing, knew that it was insolvent. His relation to the association and its assets is entirely different from that of the ordinary stockholder. He should not be permitted to make use of the superior knowledge which his position gives him as to the assets and liabilities, the profits and losses, in getting an advantage over others who have embarked with him in the same enterprise, even though he act within the forms and regulations of the association. His act in withdrawing and receiving from the assets full book value when he knows it is not worth it and that the concern is insolvent is a fraud upon the rights of other stockholders. It must be conceded that the right to withdraw can not be exercised after the association has been judicially declared insolvent and a receiver appointed. The condition of insolvency is incompatible with the right to withdraw until the stockholders' proportion of the losses has been ascertained. For the same reason the officer who knows that the association is insolvent should not be allowed to

withdraw his stock until the proportion of the loss that he should bear has been ascertained.

While we are clearly of the opinion that the act of a stockholder in withdrawing his stock at its book value at a time when he knows the association is insolvent, is a fraud upon creditors and other stockholders, and he may be compelled to repay what he has thus wrongfully taken from the assets, we are of the opinion that be can not be compelled to repay at the suit of the receiver.

It is a well settled rule in this State that a receiver, like an assignee, is clothed with such rights of action only as might have been maintained by the person or corporation over whose estate he has been appointed and to whose rights, for purposes of litigation, he has been appointed.    Bouton v. Dement et al., 123 Ill. 142; Republic Life Ins. Company v. Swigert (State Auditor) and Ward (Receiver), 135 Ill. 150; Burch (Receiver) v. West, 33 Ill. App. 359.   If he is appointed to wind up the affairs of a corporation he is, so far as concerns the nature and extent of his title, the representative of the corporate body itself, and not of its creditors or shareholders, and for the purposes of litigation takes only the rights of the corporation.   Upon this basis only can the receiver litigate for the benefit of either stockholders or creditors.   The rule has been differently stated in other States, and it is held in Missouri (Alexander v. Relfe, 74 Mo. 495,) that when acts have been done in fraud of the rights of creditors, the receiver may litigate for their benefit, though the acts in question be valid as to the corporation. In High on Receivers, the rule formulated is substantially as we have stated it, except that it is qualified by the statement that when acts have been done in fraud of the rights of creditors, but which are valid as against the corporation itself, the receiver holds adversely to the corporation.   But in the case of Republic Life Insurance Company v. Swigert et al., *supra*, the Supreme Court of this State refused to recognize the qualification made by High, and, after a review of the conflicting authorities upon the question, announced the rule as we have stated it.   We can perceive no reason

for making an exception in the case of a receiver appointed to wind up the affairs of a building and loan association.

If payments were made to appellee upon the withdrawal of his stock in manner as prescribed by the rules and regulations of the association and while it was a going concern, as set forth in the pleas in question, he can not be compelled to repay at the suit of either the association or its receiver. The right to uncover appellee's alleged fraud and compel him to repay the money wrongfully obtained rests alone with creditors and stockholders. The court rightfully overruled the demurrer to the plea, and, as the matter set up is a complete bar to a recovery at the suit of appellant, judgment was properly rendered against him for costs. Judgment affirmed.

Justice WRIGHT took no part.