**Maurice Weill v. August R. Zacher et al., Executors, etc.**

1.  CHATTEL MORTGAGES—*When Valid Without Acknowledgment.*—
A chattel mortgage not acknowledged in compliance with the require-
ments of the statute is invalid as against *bona fide* purchasers and
creditors but is valid as between the mortgagor and mortgagee.

Weill v. Zacher.

2. RECEIVERS—*Power to Reach Assets of an Insolvent Debtor.*—A receiver can not, as the representative of an insolvent person, reach assets which in equity ought to be subjected to the payment of his debts, but which have been placed by such insolvent beyond the reach of the law.

3. SAME—*Powerless to Assert Rights which the Insolvent Could Not Assert.*—A receiver of an insolvent person can not, as the representative of such insolvent, assert rights which the insolvent himself could not assert.

4. NOTICE—*Of Invalidity of Chattel Mortgage Does Not Preclude a Creditor.*—The mere fact that a creditor has actual notice of the invalidity of a chattel mortgage does not preclude him from purchasing the property free from its lien. He stands in this respect at no greater disadvantage than any ordinary purchaser and may acquire title of the property free from any lien of an imperfectly executed mortgage although he had actual knowledge of its existence when he buys.

5. CREDITORS—*Who are Regarded as Such in Respect to Invalid Mortgages.*—Where a judgment creditor filed a creditor's bill and procured the appointment of a receiver for an insolvent corporation and the sale of the corporate assets by order of the court appointing the receiver, at which purchases were made of property upon which there was a chattel mortgage executed by the insolvent corporation but lacking acknowledgment in compliance with the requirements of the statute, *it was held* that a purchaser at such sale occupied the same position as a creditor and was not precluded from questioning the validity of the chattel mortgage.

**Replevin.**—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed December 6, 1900.

**Statement.**—This appeal is in a replevin suit brought by appellant to recover possession of certain chattels.

In November, 1893, a judgment creditor filed a creditor's bill against the Fort Dearborn Electrotype Co., a corporation, and in that proceeding one Holman was appointed receiver. In March, 1894, a sale of the corporate assets was made by the receiver by order of the court. Appellant, a judgment creditor, purchased the chattels here in question at this sale. In November, 1893, C. P. Zacher, the president of the Fort Dearborn Electrotype Co., made a chattel mortgage, conveying the chattels in question to his grandmother, Erustiana Zacher, the testatrix of appellees. Appellant made demand for the possession of the chattels

bought by him at the receiver's sale, and upon the same day C. P. Zacher, president of the insolvent corporation, took possession of the chattels as agent of Erustiana Zacher, the mortgagee.

The chattel mortgage was not acknowledged in compliance with the requirements of the statute.

The only instruction given by the court to the jury was as follows:

"If the witness Zacher, acting as president of the business concern called the Fort Dearborn Electrotype Company, made a mortgage in good faith, for borrowed money, to his grandmother, and the money has never been repaid, then the verdict should be for the defendant, whether that company continue to be a corporation, or it became only a name under which Zacher did business."

The jury returned a verdict for appellees. From judgment upon that verdict this appeal is prosecuted.

MARTIN J. ISAACS and QUIN O'BRIEN, attorneys for appellant.

STEDMAN & SOELKE, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

There is but one question presented upon this appeal which must be considered, viz., was the chattel mortgage in question valid as against appellant.

The mortgage is confessedly invalid as against *bona fide* purchasers and creditors, for it is undisputed that it lacked proper acknowledgment in conformity with the statute. The mortgage is good, however, as between mortgagor and mortgagee, if, as the jury found the fact to be, the debt attempted to be secured was a valid debt of the corporation.

We have, then, merely to determine whether appellant stood in relation to this property as a *bona fide* purchaser or creditor, or whether his standing was that of the mortgagor whose interest he purchased. He bought at a receiver's sale.

It has been held repeatedly that an assignee or receiver

can not, as the representative of the insolvent, reach assets of the insolvent which equitably should be subjected to the payment of the insolvent's debts, but which have been fraudulently placed by the insolvent beyond reach at law. Bouton v. Dement, 123 Ill. 142; Ide v. Sawyer, 129 Ill. 230; The Rep. Life Ins. Co. v Swigert, 135 Ill. 150; Gottlieb v. Miller, 154 Ill. 44; Young v. Stevenson, 81 Ill. App. 40; Cohn v. Waters, 83 Ill. App. 387.

The ground upon which the decisions in the above cases are based, is that the receiver, like an assignee of an insolvent, may not, representing the insolvent, assert rights which the insolvent himself could not assert.

Whether a line of distinction is to be observed between these cases and a case where the receiver is appointed in a proceeding prosecuted by creditors, supplemental to execution, is the question to be here determined.

It is conceded by counsel that the property here in question was purchased by appellant at a sale made by order of court in a suit upon a creditor's bill. The suit being one prosecuted by a judgment creditor to subject the equitable assets of the insolvent corporation to a satisfaction of the judgment, it would seem clear that the creditor thus suing would have undoubted right to reach this property and have it applied free from the lien of the mortgage, which was invalid as against creditors. The mere fact that a receivership intervened in the suit, and that the receiver *virtute officii* is merely a custodian of property, and in respect to his title and litigation merely the representative of the owner of the property submitted to his control, as held in Republic Life Ins. Co. v. Swigert, *supra*, can not, we think, operate to defeat the right of a judgment creditor to reach, by his suit supplemental to execution, such property as must be held equitably to be subject to the judgment.

In the Swigert case, *supra*, the Supreme Court said:

" Defendant in error cites numerous cases in which it has been decided that a receiver could bring suit to set aside a transaction which was binding upon the person or corporation over whose estate he was appointed. Almost all of the cases cited by defendant in error fall in one or another

of the four classes following :   Where the receiver, by force of some statute, can act for the creditors; where the act complained of was *ultra vires*, and not binding upon the corporation; where the receiver was appointed in a proceeding prosecuted by creditors, which was supplemental to execution, and the receiver had the rights of the creditors, at whose instance and to secure whose claims he was appointed; and where the receiver was suing for property or assets that belonged to the debtor.   With the law of such cases we have no fault to find."

.Appellant, himself a judgment creditor, bought at a sale ordered to satisfy the claim of a judgment creditor who brought the creditor's proceeding.   His rights to the property are to be measured by the rights of the judgment creditor, and not by the powers or rights of a receiver in a general chancery proceeding.  The receiver representing the insolvent could not question the validity of this mortgage, which was good as between mortgagor and mortgagee. The appellant, buying the title reached and sold to satisfy a judgment creditor, could question the validity of an instrument which, as to a creditor, is confessedly invalid.

If the court had found it unnecessary to appoint any receiver in the proceeding, and the sale had been ordered and conducted by the court through some other officer, it could hardly be maintained that the title acquired by the purchaser was subject to claims which, as against the creditor suing, were of no force.   We are of opinion, therefore, that the instruction was erroneous.

It is urged by counsel for appellees that because it appears that appellant was aware of the execution of this mortgage when he bought, therefore he bought subject to its lien, and is now precluded from questioning its validity. We are of opinion that this contention can not be sustained.

The mere fact that the creditor has actual notice of the invalid mortgage does not preclude him from taking the property free from its lien.   He stands in this respect at no greater disadvantage than an ordinary purchaser, and it has been repeatedly held that a purchaser may acquire title free from any lien of such an imperfectly executed instrument, although he had actual notice of its existence when

he bought. Forest v. Tinkham, 29 Ill. 141; Porter v. Dement, 35 Ill. 478; Frank v. Miner, 50 Ill. 444; Sage v. Browning, 51 Ill. 217; Long v. Cockern, 128 Ill. 29.

The judgment is reversed and the cause is remanded.