W. J. Fisher and Clarence Fisher, Trading as W. J. Fisher & Son, and Fred M. Burke, Appellants, v. F. C. Bollman, Appellee.

Gen. No. 8,223.

462

term, 1930. Heard in this court at the May
Opinion filed August 24, 1930.

GEORGE H. Fox, for appellants.

JOSEF T. SKINNER and HENRY C. WARNER, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is an appeal by W. J. Fisher and Clarence Fisher, partners, trading under the style and firm name of W. J. Fisher & Son and Fred M. Burke, appellants, from a judgment in favor of F. C. Bollman, appellee, on a trial of the right of property as provided by the statute entered in the county court of Lee county.

The record discloses that John O. Nelson, a farmer residing in Lee county, Illinois, on October 29, 1928, was indebted to F. C. Bollman, appellee, in the sum of $1,300, and on said date the said John O. Nelson executed three promissory notes, one of which was for $700, one for $400, and one for $200, all due October 29, 1929, and delivered the notes to Bollman, appellee.

In June, 1929, Bollman desired a chattel mortgage from Nelson to secure the payment of the indebtedness evidenced by three notes which Nelson had given him, and on June 11, 1929, Max B. Seibel, a banker of Manlius, Illinois, acting on behalf of Bollman, went

to the farm where Nelson resided and obtained a description of the live stock and grain which he owned. Seibel drafted a chattel mortgage and delivered it to Bollman. Bollman went to the farm of Nelson on that evening or the evening of the 12th of June. He informed Nelson that he had come to take a chattel mortgage to secure the payment of the notes which Nelson had executed and given to him. Nelson signed the chattel mortgage in question and delivered it to Bollman. Bollman then drove to the home of a man by the name of Christenson, who had formerly been a justice of the peace in Hamilton township in Lee county, in which Nelson resided. The term of office of Christenson, as justice of the peace, had expired. Christenson informed Bollman that he was no longer a justice of the peace but that he would take the chattel mortgage to his successor, Joseph Bauer, who was then the duly qualified and acting justice of the peace of Hamilton township, and Bauer would arrange for the acknowledgment and would have the mortgage mailed to Dixon, the county seat of Lee county, for recording, if Bollman would give him the proper amount to pay the charges of the justice of the peace for taking the acknowledgment and docketing it and forwarding it to Dixon for record in the office of the recorder of Lee county. Bollman paid the amount of the fees to Christenson, who took the chattel mortgage to Bauer and Bauer signed the acknowledgment, entered the chattel mortgage in the chattel mortgage docket and forwarded the chattel mortgage to the recorder of Lee county at Dixon, together with the recording fees. The said mortgage was recorded in said county on June 15, 1929.

The record further discloses that on December 31, 1929, two judgments were obtained by the appellants against John O. Nelson, one for $789.91, and one for $1,259.63, and executions were issued thereon, and levies were made by virtue of said executions by the

sheriff on the property covered by the said chattel mortgage. Notice was given by Bollman, appellee, to the sheriff, for a trial of the right of property as provided by law with the results as aforesaid.

The only question involved is as to whether or not Bollman, appellee, was entitled to hold the property in question as against said judgments and executions, under the chattel mortgage which it is conceded was, in fact, not acknowledged as provided by the provisions of the statute, Cahill's St. ch. 95, ¶ 2.

The evidence discloses, and it is not disputed, that Nelson never appeared before Bauer, justice of the peace, to acknowledge the said chattel mortgage.

In *Long v. Cockern,* 128 Ill. 29, where a question very similar to the one in the instant case was involved, on page 36, the court said: "There is no pretense that the mortgage was acknowledged as required by the statute in relation to chattel mortgages. Cockern and wife, at the time of its execution, were residents of Hancock county, and the acknowledgment was taken before a notary public of that county and in the form appropriate to conveyances of real property. The rule is well settled that a chattel mortgage not acknowledged as required by the statute is void as to creditors and purchasers notwithstanding actual notice. *Forest v. Tinkham,* 29 Ill. 141; *Porter v. Dement,* 35 Ill. 478; *Frank v. Miner,* 50 Ill. 444; *Sage v. Browning,* 51 Ill. 217."

In *W. W. Kimball Co. v. Polakow,* 268 Ill. 344, at page 348, it is said: "A chattel mortgage is a form of lien unknown to the common law and is a creature of the statute. (*Frank v. Miner,* 50 Ill. 444.) The statute being in derogation of the common law, it must be strictly construed. If not executed, acknowledged and recorded as provided by statute, a chattel mortgage is invalid as to those not parties or privies to it," and cases therein cited.

In *McDowell v. Stewart*, 83 Ill. 538, at page 539, the court in discussing a question of the same character as the one involved in this proceeding, said: "The defendant in the replevin suit was the sheriff of the county, and he claimed the property by virtue of three writs of *fi. fa.* against Robert J. Johnson. The points made on the ruling of the court below are all disposed of by the determination of the question,—was the chattel mortgage from Johnson to the plaintiff in the replevin suit acknowledged in conformity with the statute? The instrument introduced in evidence as such mortgage purported to have been so acknowledged, but the evidence successfully contradicts it. . . . It is very clear that the certificate of acknowledgment is false and that the statute was not, in fact, complied with in that regard. Whether notice was conveyed to parties as well by the instrument as thus executed, as it would have been had the law been faithfully observed, is not for us to inquire. As between the parties, it was valid without any acknowledgment; but without the acknowledgment it has no effect upon the rights of third parties acting in good faith. *Porter v. Dement,* 35 Ill. 478. In such case, actual notice of the mortgage does not prevent the creditor from asserting his right to subject the property to the payment of his debt. *Frank v. Miner, supra.*"

In *McCurley v. Pitner,* 65 Ill. App. 17, at page 19, in discussing the question relative to the admissibility of the testimony of the officer who certified to the acknowledgment of a chattel mortgage, it is said: "The officer who certified to her acknowledgment, testified that she did not, in fact, appear before him or acknowledge the execution of it; and the controlling question in the case is whether he was competent as a witness to impeach his official certificate. We think the rule declared by the authorities generally, as applicable to the situation here, makes him competent, leaving the

question of the weight of his testimony to the judgment of the trier. The certificate is the act of a ministerial officer and not conclusive like a judicial record and does not estop him as between these parties."
Bauer, the justice of the peace, was a competent witness on the question that Nelson did not appear before him and acknowledge the mortgage.

It is insisted by appellee, that inasmuch as neither the record of the alleged judgments in the circuit court of Lee county nor the executions issued thereon, were offered in evidence, the judge of the county court where this cause was tried had no evidence before him of any lien except that of the chattel mortgage, which was offered in evidence.

The record discloses that the judgments and executions in favor of appellants and the sheriff's levy thereunder are fully set forth in the claim which Bollman, appellee, filed with the sheriff of Lee county and which said claim is a part of the record in this cause.

In *Thompson v. Wilhite*, 81 Ill. 356, the court held: "A claimant of personal property levied on under an execution against another person, by giving notice of a trial of the right of property, admits the validity of the execution."

On the trial of the right of property levied on by execution, the claimant cannot object to the execution. By proceeding under the law authorizing the trial of the right of property, he admits the validity of the execution and only claims that it has been levied on his property and not on the property of the defendant in the execution. If the execution is a nullity, the remedy is by an action of trespass, replevin or trover against the officer. *Harrison v. Singleton*, 2 Scam. 21.

By giving notice that he will try the right of property, the claimant admits the regularity and existence of the proceedings against the defendant. *Dexter v. Parkins*, 22 Ill. 143–146.

In view of the state of the record in this cause, we are of the opinion that the chattel mortgage was invalid as against the judgments and executions of the appellants and that the judgment of the county court of Lee county was erroneous in awarding the property to Bollman, the appellee herein, and said judgment is reversed and the cause remanded.

*Reversed and remanded.*