Hewitt v. Watertown Steam Engine Co.

---

## William B. Hewitt and The Davies Coal Co., Impleaded with Oliver Thurber, v. The Watertown Steam Engine Co.

1. FIXTURES—*When a Steam Engine is Not.*—A steam engine placed in a coal mine for the use of a tenant in operating the mine and so that it can be removed without injury to the mine is to be regarded as a chattel and not as a fixture.

2. SAME—*A Question of Intention.*—The question as to whether a chattel has been attached to the realty so as to become a fixture depends upon the intention of the parties and is to be determined by the circumstances surrounding the case.

3. ADMISSIONS—*By Attachment Proceedings.*—Where the question as to whether a steam engine is personal property, or a fixture and part of the real estate, is in litigation, the fact that one of the parties had attached it as personal property in a justice court, is to be regarded as an admission that it was not a part of the realty.

4. CHATTEL MORTGAGES—*Acknowledgment by Foreign Corporations.*—An acknowledgment of a chattel mortgage by a corporation, resident of another State, may be before any officer authorized by the law of this State to take acknowledgments of deeds.

5. SAME—*Acknowledgments—Construction of the Statute.*—The provisions of section 2 of the " act to revise the law in relation to mortgages of real and personal property," providing for the acknowledgment of chattel mortgages by non-residents is to be construed in connection with the provisions of our conveyance act (R. S., Chap. 30, Sec. 20). Our law by its own force confers authority on a notary public of another State to take acknowledgments of chattel mortgages when the mortgagor resides in such other State, as well as in cases of conveyance of real estate.

6. PRACTICE—*General and Special Objections.*—Where an objection is made to the introduction of evidence upon special grounds such grounds must be pointed out; they can not be held back under the cover of a general objection and presented for the first time in the Appellate Court.

7. PARTIES—*Joinder of Principal and Agent in Replevin.*—An agent or servant of a corporation may be joined with the company in replevin as well as in trover or trespass, or in case for a tort committed by him in the course of his service to the company.

**Replevin.**—Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

WILLIAMS & CAPEN, attorneys for appellants, contended that the engine, as between appellants and appellees, was real estate at the time this suit was brought. Dobschuetz v. Holliday, 82 Ill. 371; Cross v. Weare Commission Co., 153 Id. 512; Kloess v. Katt, 40 Ill. App. 99; First National Bank v. Adam, 138 Ill. 483; Knapp v. Jones, 143 Ill. 375; Fifield v. First National Bank, 148 Id. 163.

Where a chattel mortgage is executed upon machinery or buildings or articles after they have been so affixed to the

realty as to become a part of it, and where the lease does not authorize a removal of the thing attached, and where such removal can not be made without injury to the realty or to the fixture itself, the agreement of the parties will not have the effect of preserving the character of personalty in the things so attached. Cross v. Weare Commission Co., 153 Ill. 512.

The residence of a corporation is where its business is done. Bristol v. C. & A. R. R. Co., 15 Ill. 436; Bank of N. A. v. C. D. & V. R. R. Co., 82 Id. 493; Pa. Co. v. Sloan, 1 Brad. 364; Quincy Bridge Co. v. Adams Co., 88 Ill. 615; Silsbee v. Quincy Hotel Co., 30 Ill. App. 204; Mt. Olive Coal Co. v. Hughes, 45 Id. 566.

Chattel mortgages are strictly construed; when the requirements of the statute are not met, as to acknowledgment and recording, they are absolutely void as to third parties. Hammers v. Dole, 61 Ill. 307; Long v. Cockern, 128 Id. 29; Forest v. Tinkham, 29 Id. 141; Porter v. Dement, 35 Id. 478; Frank v. Miner, 50 Id. 444; Sage v. Browning, 51 Id. 217.

The tenant must remove trade fixtures during the term. Taylor on Landlord and Tenant, Sec. 551; Donnelly v. Thieben, 9 Ill. App. 495.

Replevin will not lie for fixtures while still annexed to the realty. Leman v. Best, 30 Ill. App. 323.

The private agreement of the parties to the sale of the engine can not change the character of the property so far as third parties are concerned. First National Bank v. Adams, 138 Ill. 483; Dobschuetz v. Holliday, 82 Ill. 371.

To constitute an estoppel by conduct all of the following elements must be present: 1. There must have been a representation concerning material facts. 2. The representation must have been made with knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention it should be acted upon. 5. It must have been acted upon. Fraud, or something tantamount thereto, is now the distinctive character of this kind of

estoppel. People v. Brown, 67 Ill. 435; Knapp v. Jones, 143 Ill. 375, and cases cited.

KERRICK, SPENCER & BRACKEN, attorneys for appellee.

Whether a particular article is a fixture or not, is a mixed question of law and fact. Allen v. Mooney, 130 Mass. 155; Campbell v. O'Neil, 64 Pa. St. 290; Grand Lodge, etc., v. Know, 27 Mo. 315; Ewell on Fixtures, 94.

A question of mixed law and fact is for the jury. Cook v. Scott, 1 Gilm. 333.

Chattels of the kind described in the order, chattel mortgage and bill of sale in evidence, are not fixtures and may be removed. Conrad v. Saginaw Mining Co., 54 Mich. 249; Cooper v. Johnson, 143 Mass. 108.

To determine whether or not property is chattel or has become part of the realty, the court will first look to the intention of the parties. Jones v. Ramsey, 3 Ill. App. 303; Kelley v. Austin, 46 Ill. 156; Ballou v. Jones, 37 Ill. 95; Eaves v. Estes, 10 Kan. 314; Sword v. Low, 122 Ill. 487; Andrews v. Chandler, 27 Ill. App. 103.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of replevin, brought by appellee against appellants and Oliver Thurber, to recover a steam engine, particularly described in the affidavit. The writ was duly executed, and the property was, by the sheriff, delivered to an agent of the appellee. The defendants pleaded separately, and the issues presented were submitted to a jury for trial, resulting in a verdict in favor of the plaintiff.

A motion for a new trial was interposed by the defendants, whereupon the plaintiff dismissed the suit as to Thurber, and then the court denied the motion for a new trial. Judgment for the plaintiff followed, from which the present appeal is prosecuted.

The engine involved in this case was purchased from the appellee, and used by the Benton Coal Company to operate its electric mining plant, referred to in the case of the same appellants v. The General Electric Co., which was submit-

ted to us at the May term, 1895, and recently decided (61 App. 168). At that time the Benton Coal Company was in possession of the mining property, as the lessee of the Davies Coal Company, by assignment from one Godfrey.

The order given for the engine contained a provision that the title to the property should remain in the vendor until the purchase money was all paid, with permission to appellee to enter and take possession upon non-payment, or in case the vendor should feel unsafe in respect to the same.

Afterward, the said Benton Coal Company executed a chattel mortgage on the engine to the appellee for the purpose of securing the unpaid purchase money, amounting to six hundred dollars, and still later gave a bill of sale for the property to the appellee. Afterward, the Davies Coal Company took possession of the mining property, including the electric plant and the engine. Hewitt, who was president and manager of the latter company, had control of the property from that time forward, and upon demand made upon him personally, and as the president of the Davies Coal Company, refused to surrender the engine to the appellee.

The question mainly argued in the brief of the appellants and, as we infer from the record, upon the trial, was as to the ownership of the engine. The appellants insist that it was by the Benton Coal Company attached to the real estate of the Davies Coal Company, and having become a part of the realty, it belonged to the latter company, which position is controverted by the appellee.

We think it very clear from the proof that the lessee company never intended that it should become part of the realty.

This appears plainly from the order, the chattel mortgage, and the bill of sale, and as it was placed there for the use of the tenant in operating the lease, and as it could be removed without injury to the soil, it is to be regarded as a chattel. Sword v. Low, 122 Ill. 487; Ewell on Fixtures, 71–72. It was proved by the docket of a justice of the peace that the Davies Coal Company obtained a writ of attachment against the Benton Coal Company, and caused the

same to be levied upon the engine in question, and afterward, in the same proceeding, obtained a judgment for $102 and costs, and an order for sale of the property. While that proceeding was pending, the present action of replevin was commenced, and the property was delivered to the appellee. The said writ of attachment was placed in the hands of said Thurber, as a constable, to execute, but it appears from the proof that if he made a proper levy he never had actual possession of the property, it all the while remaining in the control of Hewitt, who, as already stated, was the president and manager of the Davies Coal Company. The ground of the attachment is not shown in the record, nor is it shown what was the ground of the attachment. By this attachment proceeding, the appellants admitted as a matter of record that the property belonged to the Benton Coal Company, and necessarily, also, that it was not a part of the realty. Long v. Cockern, 128 Ill. 29. Without determining that such admission is conclusive, we are entirely content, all the facts being considered, with the conclusion that the engine did not become so incorporated with the realty as to pass thereby to the owner of the soil.

It is argued that the chattel mortgage was invalid because not acknowledged before a justice of the peace of the precinct where the property was situated. This objection is met by the fact that the mortgagor was a corporation resident of another State, in which case, according to the statute, the acknowledgment shall be before " any officer authorized by law to take acknowledgment of deeds."

It is also urged in this connection that the acknowledgment was before a notary public of St. Louis, Mo., and that such an officer has no power for that purpose.

Our statute relating to conveyances provides that deeds may be acknowledged before a notary public when the acknowledgment occurs in another State (Sec. 20, Ch. 30), and so also when within this State. The words above quoted, "authorized by law," may possibly refer to the authority conferred by the law of the place where officer acts, so that when an instrument appears acknowledged in

another State before a notary public it is necessary, and of course sufficient, to prove that by the local law the officer had such authority. This seems to be the position of counsel for appellant, but we are not prepared to approve it. This provision of the chattel mortgage act is to be construed in connection with the quoted provisions of the conveyance act, and the conclusion follows that our law, by its own force and vigor, confers authority on a notary public of another State to take the acknowledgment of chattel mortgage when the mortgagor resides in such State, as well as in cases of conveyances of real estate.

If, however, this is not a correct construction of the statute, and if, when such an acknowledgment is presented there must be proof of the law giving such power to a notary public, still in this case we think advantage can not be taken of the want of such proof, for the reason that although objection was made to the introduction of the mortgage, this particular ground was not specified. Had it been, the objection might have been obviated by producing the statute of Missouri. Such an objection should be pointed out, and can not be held back under the cover of a general objection, and presented for the first time in this court. But aside from this, even if the mortgage was not properly acknowledged it was good as between the parties. Of course a subsequent purchaser or creditor would not be bound by it. The Davies Coal Company does not seek in this case to assert merely a lien by virtue of the attachment proceedings, but on the contrary, obtained an instruction advising the jury that there was no sufficient proof of such proceeding, and that nothing of the kind was to be considered. Having thus repudiated the proof in the record on that point, it is not in a condition to ask that the chattel mortgage be subordinated to the judgment in attachment nor indeed do we understand that such position is now assumed. On the contrary, the position distinctly taken is that the engine was not a chattel and that the appellee had no legal claim which it could assert.

We do not understand the Davies Coal Company was

claiming to hold the engine by virtue of said judgment, or in any capacity as the mere creditor of the Benton Coal Company, but on the contrary asserted ownership because the property was attached to the soil and therefore became a part of the realty.

It is suggested in the brief that appellant Hewitt was not properly made a defendant, and that he was entitled to a verdict on the pleas of *non cepit* and *non detinet*, because what he did in the way of taking and detaining the property was merely as the agent and servant of the Davies Coal Company, and not in his own behalf or on his own account. The act was tortious and was avowed by him as well as by the company of which he was the representative. We see no reason why the servant may not be joined with the company in replevin as well as in trover or trespass, or case for a tort committed by him in the course of his service to the company.

The judgment will be affirmed.