People of State of Illinois on Relation of George B. Cohen and Helen Irene Cohen, Copartners, Trading as George and Helen Cohen, Appellees, v. Edward J. Barrett, Secretary of State of Illinois, and Associates Plan Corporation, Appellants.

Gen. No. 45,998.

Opinion filed February 2, 1953. Rehearing denied February 20, 1953. Released for publication February 20, 1953.

WINSTON, STRAWN, BLACK & TOWNER, of Chicago, for appellants. NEIL McKAY, of Chicago, of counsel.

GEORGE B. COHEN, and HELEN IRENE COHEN, *pro se,* of Chicago, for appellees.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant Associates Plan Corporation, a finance company (hereinafter called Associates), appeals from a declaratory judgment finding and declaring that a chattel mortgage covering property located in Illinois, executed by residents of Illinois and acknowledged in the State of Indiana, is null and void and of no force and effect against plaintiffs, purchasers of an automobile covered by the mortgage at an execution sale on a judgment against one of the mortgagors. The sole ground for the declaratory judgment, as stated therein, is the insufficiency of the acknowledgment.

Plaintiffs instituted a mandamus proceeding against the Secretary of State of the State of Illinois, and

Associates, alleging the procurement of a judgment against Irven Paul Scott, one of the mortgagors, for $309.80, the seizure of the automobile on execution and a sale at which a representative of Associates appeared and claimed a mortgage lien on the automobile; that plaintiffs asserted the mortgage was of no force and effect as to third parties and bid in the automobile; that defendant Secretary of State refused to issue a certificate of title to the automobile unless a release of Associates' mortgage was procured. They asked that a writ of mandamus be issued directing the Secretary of State to issue a certificate of title free of the lien of the chattel mortgage. The Secretary of State and Associates filed separate motions to strike the petition and dismiss the cause. On the argument of these motions the court of its own volition gave plaintiffs time within which to file a count for a declaratory judgment against Associates. No order was entered on the petition for mandamus. An additional count for declaratory judgment was filed setting up the want of a proper acknowledgment to the chattel mortgage and claiming that the automobile involved was not the automobile covered by the mortgage. The latter question has been eliminated by the admissions of the parties in the briefs filed herein and by statements of counsel on oral argument. Defendant answered the additional count. The declaratory judgment appealed from was entered upon the pleadings. The sole question presented on appeal is the validity or sufficiency of the acknowledgment of the mortgage in Indiana.

■ Our chattel mortgage statute (Ill. Rev. Stats. 1951, chap. 95, sec. 1) [Jones Ill. Stats. Ann. 83.01] provides that chattel mortgages under which the mortgaged property remains in the possession of the mortgagor shall not be valid as against the rights and interests of any third person unless acknowledged and recorded as required by the statute. Prior to 1933 the

requirements as to acknowledgment were stated in some detail in section 2 of the statute. Provision was made for acknowledgment by nonresidents of the State "before any officer authorized by law to take acknowledgments of deeds." No provision was made for the acknowledgment of chattel mortgages outside the State by a resident of Illinois. In 1933 section 2 was amended to read: "Such instrument shall be acknowledged before any officer authorized by law to take acknowledgments of deeds." In 1935 [Ill. Rev. Stats. 1951, ch. 95, par. 2; Jones Ill. Stats. Ann. 83.03] the following provision was added:

"The certificate of acknowledgment shall be in substantially the following form:
State of Illinois, ⎫ ss.
County of ——— ⎭
"This Chattel mortgage was acknowledged before me, by ——— this ——— day of ——— 19—.
"Witness my hand and official seal.

———————————.
Official Character."

In construing a provision in a prior statute authorizing acknowledgment of chattel mortgages by nonresident mortgagors "before any officer authorized by law to take acknowledgments of deeds," the court in *Hewitt v. Watertown Steam Engine Co.*, 65 Ill. App. 153, held that the Chattel Mortgage Act must be construed in connection with the provision of the Conveyances Act relating to acknowledgment. In the latter Act (Ill. Rev. Stats. 1951, chap. 30, [par. 19] sec. 20) [Jones Ill. Stats. Ann. 29.21] provision is made for the acknowledgment of deeds, etc., before named officers in the State of Illinois, in other states and in foreign countries. The effect of the 1933 amendment, therefore, was to remove the prior restrictions in the Chattel Mortgage Act as to acknowledgments before

justices of the peace in the town in which the mortgagor resided, etc., and to permit acknowledgment outside the State. Plaintiffs, however, claim that the words "State of Illinois" in the venue in the prescribed form in the Act of 1935, limits the place of acknowledgment to Illinois. Under plaintiffs' construction a chattel mortgage of personal property located at the Wisconsin state line, in Lake County, Illinois, may be acknowledged by a resident of that county before a notary public at Cairo, Illinois, 300 miles distant, but could not be acknowledged, as was done in the instant case, before a notary public in a sister State less than 30 miles distant from the situs of the property and the residence of the mortgagor. There is no reason why the acknowledgment of a chattel mortgage should be restricted to narrower territorial limits than the acknowledgment of deeds and other instruments affecting the title of real property. The recording of the chattel mortgage in the county in which the property is located—like the recording of deeds, etc., in the county in which the real property is situated—gives notice to persons dealing with the property of the lien of the mortgage and claims of third persons. The acknowledgment before an officer is merely evidence of the proper execution of the instrument by the persons named therein. If the legislature had intended to restrict the place of acknowledgment of a chattel mortgage it could have indicated this intention by the addition of the words "in the State of Illinois" immediately following the word "acknowledged" in the amendment of 1933. We cannot subscribe to the position taken by plaintiffs that the legislature, by prescribing a form of acknowledgment, intended by this indirect method to amend and narrow the scope of the 1933 amendment.

The judgment is reversed and the cause is remanded with directions to enter a declaratory judgment finding

and declaring the validity of the chattel mortgage as against the plaintiffs.

*Reversed and remanded with directions.*

FRIEND, P. J. and BURKE, J., concur.