FELIX WESOLOSKI *vs.* ANTHONY WYSOSKI.

Franklin.    September 20, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Sale.    Conversion.*

Where there is an agreement for the sale of a specific article and something remains to be done, as weighing or measuring it, and there is no evidence tending to show an intention that the title should pass before the weighing or measuring is performed, the weighing or measuring is a prerequisite to the passing of the title. Approving the rule stated in *Riddle* v. *Varnum,* 20 Pick. 280.*

In an action for the conversion of certain onions, it appeared, that onions are sold by weight and before weighing have to be screened to separate them from the husks and from those onions which are too small to be merchantable, that the plaintiff owning certain onions, which were stored in a warehouse, agreed to sell them to the defendant at a certain price per bushel when they were screened and weighed, and that the defendant agreed to screen the onions with the plaintiff's help and also pay for them on a certain day, that, after the day agreed upon,

* In the present case the screening of the onions was more than a weighing or measuring, and resembled a separation from a mass, as the small onions had some value although not merchantable as onions.

the plaintiff finding the onions at the warehouse unscreened told the defendant not to take them. Whereupon the defendant said that he had sold the onions, and the next day screened and weighed the onions and shipped them away. *Held*, that the screening and weighing of the onions were prerequisites to the passing of the title, so that no title had passed to the defendant when the plaintiff rescinded the contract, and that the sale of the onions by the defendant before they were screened and weighed was in itself a conversion without a demand and refusal.

TORT for the conversion of certain onions in the manner described in the opinion. Writ in the District Court of Franklin dated February 26, 1904.

On appeal to the Superior Court the case was tried before *Fox*, J. The plaintiff on his redirect examination testified as follows : " Anthony Wysoski was going to screen the onions, I was going to help him. He told me he would come up and take me down and help him screen them, that he would come after me to come down and help him screen them. He didn't come. On Feb. 21st I told Tony, ' Tony don't take my onions, because you don't pay what you agreed to, don't take my onions, because you don't take them at the right time when you agreed to.' Tony told me he had sold my onions, I said, ' how can you sell my onions because you didn't pay for them when you agreed to ? ' "

The defendant requested the following rulings : " 1. That upon all the evidence the plaintiff is not entitled to recover in this action. 2. If the jury find that the defendant bought the onions of the plaintiff at an agreed price, and was to take possession of the same on the following Monday, screen same, measure same up and pay for same, and the defendant on the following Monday took possession of the onions and started to screen them and sold them, then the plaintiff cannot recover in this action. 3. Before action is maintained it is necessary for the plaintiff to show a demand and refusal. 4. There is no sufficient evidence to show any demand upon the part of the plaintiff. 5. If the jury find that no title passed to the defendant on Monday, Feb. 8, 1904, the plaintiff cannot recover in this action."

The judge refused to rule as requested and gave the instruction to the jury which is stated in the opinion. The jury returned a verdict for the plaintiff in the sum of $335.04; and the defendant alleged exceptions.

*B. H. Winn*, for the defendant.

*W. A. Davenport*, for the plaintiff.

LORING, J. This is an action for the conversion of three hundred and three bushels of onions. There was evidence that the plaintiff stored some onions in a warehouse in the fall of the year 1903, and that on February 6, 1904, he made a contract with the defendant by word of mouth for the sale of them to him at eighty cents a bushel, when they were screened and weighed. It was admitted that onions are sold by weight, fifty-two pounds making a bushel; that they shrink while in store over winter, and also that small onions are not sold as onions and were not included in the contract of sale in question. For these reasons it was necessary in the case at bar to screen and weigh the onions. Onions are screened by being run over a horizontal screen which lets the husks and small onions fall through, leaving the merchantable ones above. There was evidence that by the agreement in the case at bar the onions were to be screened, weighed and paid for on Monday, February 8, following the Saturday when the agreement of sale was made. On February 20, the plaintiff found that the onions had not been screened and weighed. Thereupon he notified the defendant not to proceed further in the matter. The defendant answered that he had sold the onions, and the next day he screened and weighed the onions and they were shipped away.

The jury were told in the language of the opinion in *Riddle* v. *Varnum*, 20 Pick. 280, that where there is an agreement for the sale of a specific article and something remains to be done, as weighing or measuring it, and there is no evidence tending to show an intention that the title should pass before the weighing or measuring is performed, the weighing or measuring is a prerequisite to the passing of the title ; but that it is a fact for the jury in each case where there is evidence to that effect, whether the title was to pass before the weighing or measuring was performed. That was correct. The rule laid down in *Riddle* v. *Varnum* is the settled law of the Commonwealth. See *Sherwin* v. *Mudge*, 127 Mass. 547, where the subsequent cases are collected. In *Richmond Iron Works* v. *Woodruff*, 8 Gray, 447, relied on by the defendant, it was held that on the evidence it was the intention of the parties that the title should pass without

the further act being performed.    The rule laid down in *Riddle* v. *Varnum* was not questioned in that case.

The conversion relied on was the sale by the defendant before the onions were screened and weighed.    That was a conversion in itself without a demand and refusal.    It is necessary only to refer to *Robinson* v. *May*, 163 Mass. 212, and *Baker* v. *Lothrop*, 155 Mass. 376, where the earlier cases are collected.

For these reasons the presiding judge was right in refusing to give the five rulings requested by the defendant.

*Exceptions overruled.*