less a sufficient legal excuse is shown for the application of such proceeds of the corn as they were used. The testimony of Rodgers that he advanced such moneys for expenses is the statement of a conclusion. There is neither any competent evidence in the record tending to show for what the said sums were used nor any evidence tending to show any agreement by Gorman that such advances should be made and paid out of the mortgaged property.

It is also argued that the court erred in its rulings on propositions of law presented by the parties. The questions presented have already been reviewed. For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

---

### S. O. Smith and T. H. Cherry, Trustees, Appellees, v. H. W. Knemoeller, Sheriff, Appellant.

#### (Not to be reported in full.)

Appeal from the County Court of Macoupin county; the Hon. ANDREW J. DUGGAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

#### Statement of the Case.

Action in replevin by S. O. Smith and T. H. Cherry, trustees for the People's Bank of Girard, plaintiffs, against H. W. Knemoeller, sheriff, defendant, to recover certain horses and a heifer levied upon as the property of and taken from the possession of Fred Holtje, under an execution issued upon a judgment

against him.   From a judgment for plaintiffs, defendant appeals.

TRUMAN A. SNELL and VICTOR HEMPHILL, for appellant.

JESSE PEEBLES, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUDULENT CONVEYANCES, § 124*—*when retention of possession renders sale invalid.* A sale of chattels, where possession remains with the vendor, is fraudulent *per se* and void as to creditors where the property is of such a nature that possession can be taken from the vendor and removed at the time of the sale.

2. FRAUDULENT CONVEYANCES, § 3*—*what constitutes as to creditors.* There is no difference in effect between a sale made with actual intent to defraud creditors and one fraudulent by operation of law.

3. FRAUDULENT CONVEYANCES, § 3*—*when notice of sale not binding on creditors.* Notice of a sale made with actual intent to defraud creditors or of one fraudulent by operation of law is only notice of an illegal transaction and not binding upon a creditor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.