SAMUEL KEPNES & another *vs.* JACOB GROSSMAN & another.

Suffolk.    October 17, 1923. — December 21, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, & PIERCE, JJ.

*Sale,* When title passes.

A dealer in junk signed the following instrument: " Bo't of . . . [another dealer] three (3) piles of mixed iron at . . . [a price named per hundred-weight], this to be free from light and sprue iron. All iron is to be taken out within two months of date. No iron is to be left." At the trial of an action for the purchase price, the evidence was conflicting upon the issue, whether there was any light iron or sprue iron in the piles. Expert testimony introduced by the plaintiff tended to establish a general custom in the trade to the effect that in a sale of piles of " mixed iron, this to be free from light or sprue iron," the buyer should, while taking away his loads from the piles, sort it and discard any light or sprue iron which might be in the pile, weigh up the mixed iron, and pay for all mixed iron according to weight, and that such a clause in the contract did not mean that there was no light iron or sprue iron in the piles. The plaintiff was an experienced dealer in junk and there was evidence tending to show that he had seen the

piles in the defendant's yard and, before the purchase, had climbed up on and over and around the piles and had looked them all over, and that the weight could be estimated from the size of the piles.   *Held,* that

(1) There was evidence entitling the plaintiff to go to the jury on the issue, whether the plaintiff intended that the title to the iron should pass at the time of the signing of the contract;

(2) The language used, " Bo't of," while not conclusive, was indicative of a complete sale;

(3) On the evidence, it was proper for the trial judge to refuse to rule that by the terms of the contract it was the duty of the plaintiff to free the piles from light and sprue iron;

(4) It also was proper for the judge to refuse to rule that the plaintiff could not recover if the jury thought there was any light or sprue iron in the piles.

CONTRACT for the purchase price of mixed iron alleged to have been sold to the plaintiffs, who were " in the junk business," by the defendants, also dealers in junk.   Writ dated May 12, 1920.

In the Superior Court, the action was tried before *O'Connell,* J.   At the close of the evidence, the defendants asked for the following rulings:

" 1. That title did not pass at time of signing of the contract, and therefore plaintiff cannot recover."

" 3. That title did not pass until the amount of iron in the pile was ascertained by weighing and thus make certain the price to be paid for it."

" 6. It is by the terms of the contract the duty of the seller to free the piles from light iron and sprue."

" 8. If the jury find that there was any light iron and sprue in the piles referred to in the contract, then the court should instruct the jury that as matter of law the plaintiff cannot recover."

The trial judge refused to give the rulings in terms.   There was a verdict for the plaintiffs in the sum of $8,074.   The defendants alleged exceptions.

*T. M. Vinson,* for the defendants.

*J. J. Mansfield,* (*J. F. Creed* with him,) for the plaintiffs.

DeCOURCY, J.   The plaintiffs sued to recover the amount due from the defendants on account of the sale of three piles of mixed iron as specified in the following writing or memorandum:

" March 11, 1920.

" Bo't of S. Kepnes & Son three (3) piles of mixed iron at one dollar and ten cents per hundred ($1.10 per cwt.), this to be free from light and spruce [sprue] iron.

" All iron is to be taken out within two months of date. No iron is to be left.

" Five hundred dollars is to be given when load is taken. After $500.00 worth of iron is taken out, another check for $500.00 will be given and so until the whole amount of iron is taken out.

" The note for $1000. is to be returned when the last load of iron is taken out.

Jacob Grossman<br>Joseph Grossman."

It was undisputed that the defendants removed about thirty tons of iron. The evidence was conflicting whether there was in fact any light iron or sprue iron in the three piles. If the witnesses for the plaintiffs were believed, there was none; but the defendant Jacob Grossman testified that he saw some in one pile, and agreed to buy the iron if the clause, " free from light iron and sprue iron," should be inserted in the contract. Experts introduced by the plaintiffs testified to the existence of " an old, long established, clearly defined, universally known and followed, general custom and usage to the effect that in a sale of piles of ' Mixed iron, this to be free from light iron and spruce iron,' as in the agreement . . . the buyer should while taking away his team loads from the piles of iron, sort out and discard any light iron and sprue iron, which might be in the pile, weigh up the mixed iron, and pay for all mixed iron according to weight, and that such a clause did not mean that there was no light iron or sprue iron in the piles."

There was a verdict for the plaintiffs. The exceptions are to the refusal of the trial judge to give four rulings requested by the defendants (numbered 1, 3, 6 and 8), in so far as they were not given in the charge. Requests 1 and 3 raise the questions whether the defendants were entitled to a ruling that, as matter of law, (1) the title to the iron did not pass at the time of the signing of the contract; and

(3) that title did not pass until the amount of iron was ascertained by weighing. These may well be considered together.

In the early case of *Riddle* v. *Varnum*, 20 Pick. 280, where there was a contract for the sale of a quantity of timber at a certain price per thousand feet, and there had been no survey or measurement at the time when it was attached as belonging to the seller, the question arose as to the passage of title. Dewey, J., speaking for the court, said (page 283, 284) " The general doctrine on this subject is, undoubtedly, that when some act remains to be done in relation to the articles which are the subject of the sale, as that of weighing or measuring, and there is no evidence tending to show an intention of the parties to make an absolute and complete sale, the performance of such act is a prerequisite to the consummation of the contract; and until it is performed, the property does not pass to the vendee. But in the case of sales where the property to be sold is in a state ready for delivery, and the payment of money, or giving security therefor, is not a condition precedent to the transfer, it may well be the understanding of the parties, that the sale is perfected, and the interest passes immediately to the vendee, although the weight or measure of the articles sold remains yet to be ascertained. Such a case presents a question of the intention of the parties to the contract. The party affirming the sale must satisfy the jury, that it was intended to be an absolute transfer, and all that remained to be done was merely for the purpose of ascertaining the price of the articles sold, at the rate agreed upon." The court held that the jury would have been warranted in finding that it was the intention of the contracting parties to make the sale of the articles complete and absolute before the measure of them was ascertained.

The doctrine stated in *Riddle* v. *Varnum* is recognized in *Denny* v. *Williams*, 5 Allen, 1, 3, 4; and is said in *Wesoloski* v. *Wysoski*, 186 Mass. 495, 497, to be the settled law in this Commonwealth. In that case the onions in a warehouse were to be screened and weighed before the passing of title. In *John B. Frey Co.* v. *S. Silk, Inc.* 245 Mass. 534, where

the plaintiff sought to recover the purchase price of a carload of beets, a ruling was requested by the plaintiff that title to the beets passed to the defendant at the time of sale. This was denied, and the instructions given limited the issues to the passing of title when the beets were put on the car for shipment, or after inspection on arrival in Boston. The exceptions were sustained because the jury were denied the opportunity to find that title passed at the time of the contract. See also *Macomber* v. *Parker*, 13 Pick. 175. The Massachusetts cases relied on by the defendant are not in conflict with, but recognize the rule above stated. See *Mason* v. *Thompson*, 18 Pick. 305; *Foster* v. *Ropes*, 111 Mass. 10. And it is in part embodied in § 20 of the sales act, G. L. c. 106, which provides " (1) If the contract is to sell specific or ascertained goods, the property therein passes to the buyer at such time as the parties to the contract intend. (2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade, and the circumstances of the case."

There was evidence entitling the plaintiffs to go to the jury on the issue whether the parties intended that title to the iron should pass at the time of signing the contract. The defendants were experienced dealers in junk. There was testimony that they had seen the three piles of mixed iron accumulating, and that two days before the purchase they " climbed up on the piles and over the piles and around the piles and looked at them all over from the sides and over the top; " and that the weight could be estimated from the size of the piles. The language used, " Bo't of S. Kepnes & Son," while not conclusive, is indicative of a completed sale. See *Sherwin* v. *Mudge*, 127 Mass. 547. There was a payment of $500 when the first load was taken; and a note for $1,000, presumably given as security, as stated in the alleged copy attached to the declaration. Accordingly the judge rightly refused to give the first and third requests; and these issues were submitted to the jury, under instructions to which no exception was taken. It is plain that the sixth and eighth requests could not be given, in view of the evidence, espe-

cially, that the duty of sorting out and discarding any light and sprue iron was on the buyer; and that the clause " this to be free from light and sprue iron " did not mean that there was no such iron in the piles.

*Exceptions overruled.*