## Southern Surety Company, Appellant, v. The Peoples State Bank of Astoria, Appellee.

### Gen. No. 7,945.

1. SALES—*what constitutes a violation of the Bulk Sales Law.* Where contractors for construction of a waterworks system, in consideration of the execution of a bond conditioned upon the completion of such system, conveyed to the surety all their equipment used upon such construction, and their interest in the contract therefor, as collateral security for any claim of the surety against such contractors, and gave the surety power of attorney to take possession of its property so conveyed if they defaulted in the construction contract, such conveyance was in violation

196    APPELLATE COURTS OF ILLINOIS.

Southern Surety Co. v. Peoples State Bank, 243 Ill. App. 195.

of the Bulk Sales Law, Cahill's St. ch. 121a, ¶ 1, and fraudulent as against other creditors.

2. CHATTEL MORTGAGES—*what necessary to valid lien against third persons.* In order that a conveyance of personal property having the effect of a lien upon such property shall be legally effective as a chattel mortgage as against third parties, it is necessary that the requirements of Cahill's St. ch. 95, ¶ 1, be fully complied with. Merely recording the conveyance is insufficient.

Appeal by plaintiff from the County Court of Fulton county; the Hon. J. D. BRECKENRIDGE, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed December 29, 1926. Rehearing denied February 11, 1927.

GILLESPIE & GILLESPIE, for appellant; HUGH J. DOBBS and LOUIS F. GILLESPIE, of counsel.

GLENN RATCLIFF and ROBERT F. WHITE, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case an appeal is prosecuted by the Southern Surety Company from a judgment of the county court of Fulton county in favor of the appellee, The Peoples State Bank of Astoria, concerning the rights of property in certain goods and chattels, originally belonging to Nixon & Keeley, and which were levied upon by virtue of an execution issued upon a judgment for $1,037.83, recovered by the appellee against Nixon & Keeley. The appellant claimed ownership of the goods and chattels levied upon, by virtue of a certain agreement made between it and Nixon & Keeley, in connection with its undertaking as surety for Nixon & Keeley, in their contract with the village of Astoria to construct a waterworks system for the village. This agreement was in writing, and was recorded in the recorder's office of Fulton county, at the time entered into by the parties, namely, September 12, 1924. This

agreement, in so far as it pertains to the matters in controversy, is as follows:

"In consideration of the execution of said bond by the Southern Surety Company, hereinafter called the Company, we the undersigned, hereby covenant with the Company, its successors and assigns:     *     *     *

"FOURTH: And, for the better protection of said Company, and as collateral security hereto and for all claims of said surety against the undersigned, we, the undersigned, do, by these presents, as of the date hereof assign, transfer and convey to the said Company, all the right, title and interest of the undersigned in and to all the tools, plant, equipment, and materials of every nature and description that we may now or hereafter have upon said work, or in, on or about the site thereof, including as well materials purchased for or chargeable to said contract which may be in process of construction, in storage elsewhere, or in transportation to said site. And also, we, the undersigned do hereby convey and assign unto the said Company any and all payments, funds, moneys or property due or to become due to the undersigned as provided in said contract, and also all of our rights in and to all subcontracts which may have been or may hereafter be entered into, and the materials embraced therein. The condition of this conveyance being that in the event the undersigned fail or are unable to complete said work in accordance with the terms of the contract or contracts covered by such bond or bonds, or in event of any default on the part of the undersigned under any of said contracts, we, the undersigned, do hereby nominate and appoint the President or Vice-President of the Company our true and lawful attorney with full right and authority to sign the name of the undersigned to any voucher, check, release, bill of sale, satisfaction or paper necessary or desired to carry into effect the purpose of this assignment, hereby ratifying and confirming all that our

said attorney may lawfully do in the premises, and do further authorize and empower said Company, its authorized agents or attorneys, to enter upon and take possession of said tools, plant, equipment, materials and subcontracts and enforce, use and employ such possession.''

Nixon & Keeley defaulted in the performance of their contract with the village of Astoria about September 25, 1924, and thereafter, about October 2, 1924, the appellant, under the agreement, took possession of the equipment and material of Nixon & Keeley, which are the goods and chattels involved in this suit, and the same were placed in charge of a custodian who marked each of the articles or property of sufficient size ''Property of the Southern Surety Company of Des Moines, Iowa,'' and thereafter controlled them, until the levy of the execution by the sheriff of Fulton county referred to.

The controlling question presented in this case is, whether or not the agreement between the appellant and Nixon & Keeley for the transfer to the appellant of the goods and chattels involved is in conflict with the provisions of the act commonly called the ''Bulk Sales Law,'' which was enacted ''to regulate the sale or transfer of goods, wares, merchandise, and other chattels in bulk and to provide certain penalties in connection therewith.'' Cahill's St. ch. 121a, ¶ 1. The appellant contends that the agreement and transfer of the goods and chattels of Nixon & Keeley, effectuated thereby, is not a violation of the Bulk Sales Act, referred to, but in reality and effect is a chattel mortgage of the goods and chattels involved. We cannot agree with this contention. The statute provides concerning the validity of chattel mortgages: ''That no mortgage, trust deed or other conveyance of personal property having the effect of a mortgage or lien upon such property, shall be valid as against the rights and interests of any third person, unless possession there-

of shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor, and the instrument is acknowledged and recorded as hereinafter directed.'' Cahill's St. ch. 95, ¶ 1. The evidence clearly discloses the fact that but one of the essentials of a valid chattel mortgage was complied with, namely, the recording of the instrument in writing. To make it legally effective as a chattel mortgage, against the rights and interests of any third person, it was necessary that all the other statutory requirements should be fulfilled. *Lyons v. People's Bank of Lexington,* 317 Ill. 44; *Kimball Co. v. Polakow,* 268 Ill. 344; *Gregg v. Sanford,* 24 Ill. 17; *Forest v. Tinkham,* 29 Ill. 141; *McDowell v. Stewart,* 83 Ill. 538; *Oakford & Fahnestock v. Hill,* 135 Ill. App. 511; *Frank v. Miner,* 50 Ill. 444; *Porter v. Dement,* 35 Ill. 478; *Long v. Cockern,* 128 Ill. 29. On the other hand, the transfer of the property involved, made by virtue of the agreement referred to, constitutes a transfer in bulk of the whole of the goods and chattels of Nixon & Keeley's business, which the Bulk Sales Law declares shall be deemed fraudulent and void as against other creditors. If the transfer or assignment of the goods and chattels in question to the appellant was illegal, the fact that the appellant was in possession of the goods and chattels under the transfer at the time of the levy of the execution would not change the illegal character of the transfer; in fact the transfer of the goods and chattels was not complete until the appellant obtained possession of the same. We are of opinion therefor that the appellee as a judgment creditor of Nixon & Keeley had the legal right to cause the levy in question to be made, and that the court properly found the right of property to be in the appellee. The judgment is therefore affirmed.

*Judgment affirmed.*