EDWARD STEGEMANN, JR. *vs.* THOMAS A. KELLEY.

Essex. May 23, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Agency*, Existence of relation, Agent's remuneration. *Evidence*, Competency. *Practice, Civil*, Exceptions.

In an action of contract by one doing business in New York as a freight forwarder to recover for services rendered and disbursements made on account of the defendant in procuring the transportation, to the defendant's place of business in this Commonwealth, of goods which the defendant had imported and which had arrived at the port of New York by steamship, there was evidence that the defendant had done business with the plaintiff concerning importations for a considerable period of time; that the goods in question arrived at New York while a strike was in progress which seriously interfered with transportation from New York to points in this country; that the steamship company had failed to perform its duty of procuring the shipment of the goods to the defendant in this Commonwealth; that the defendant, desiring to receive the goods here, communicated with the plaintiff at numerous times; and that the plaintiff procured the shipment of the goods and incurred expense thereby. There also was evidence that the plaintiff had been hired by an agent of the defendant at Boston. The judge denied a motion by the defendant that a verdict be ordered in his favor. *Held*, that

(1) The questions, whether the plaintiff was employed as the direct agent of the defendant, and whether the services rendered and the expenditures made were justified and reasonable, were for the jury;

(2) Evidence, as to labor conditions in New York at the time in question, was competent;

(3) Although testimony, that the defendant had made claim on

the steamship company for its failure to deliver the goods in this Commonwealth, was irrelevant, its admission did not appear to constitute error substantially prejudicial to the defendant;

(4) The defendant's motion could not properly have been allowed.

CONTRACT for services rendered and disbursements made in procuring the transportation, to the defendant's place of business in this Commonwealth, of merchandise which the defendant had imported and which had arrived at the port of New York by ocean transportation. Writ in the District Court of Southern Essex dated December 9, 1921.

Upon removal to the Superior Court, the action was tried before *Qua,* J. Material evidence is described in the opinion. It appeared that W. R. Grace & Company, mentioned therein, was the owner of one of the steamships on which the defendant's goods arrived at New York. At the close of the evidence the judge denied a motion by the defendant that a verdict be ordered in his favor; and denied the following rulings requested by the defendant:

"2. That there is not evidence that the plaintiff was authorized to cart the goods of the defendant and make charge for the same."

"4. That if the plaintiff did cart the defendant's goods he was not authorized so to do and cannot compel the defendant to reimburse him for any amount spent by him for such cartage."

The jury found for the plaintiff in the sum of $754.83. The defendant alleged exceptions.

The case was submitted on briefs.

*W. E. Sisk & R. L. Sisk,* for the defendant.

*F. E. Shaw,* for the plaintiff.

RUGG, C.J. The plaintiff is a custom house broker and freight forwarder doing business in the city of New York. By this action of contract he seeks to recover for services rendered and disbursements made on account of the defendant. The defendant imported numerous lots of skins which came to the port of New York through ocean transportation. There was evidence tending to show that the defendant had done business with the plaintiff in connection with importations for a considerable period of time, that communications

passed between them directly, and that the representative of the defendant saw the plaintiff in New York touching importations. Whether the plaintiff acted as the direct agent for the defendant or was employed by other agents of the defendant in Boston was a question for the jury to settle on all the evidence. The charges here in issue arose respecting importations arriving while there was a strike which seriously interfered with shipments of importations by rail or otherwise from New York as the port of entry to their ultimate destination in this country. Without narrating the evidence in detail, it is manifest from it that the jury would be justified in finding that the defendant desired to receive his importations at his place of business, and that he communicated with the plaintiff touching this subject at numerous times; that as to most, if not all, of such importations it was the duty of W. R. Grace & Company, under its contract with the defendant, to see that the goods were shipped through to the defendant in this Commonwealth but that this duty was not performed. All the evidence justified the finding that the plaintiff acted as agent for the defendant in procuring the transportation and necessarily incurred the expenses here in suit to bring about that result.

Plainly a verdict could not have been directed for the defendant. The evidence was competent as to labor conditions in New York during the period covered by the plaintiff's charges. It is not necessary to discuss in detail the exceptions to evidence. They relate mainly to testimony concerning importations of the defendant on the wharves where they were left and their carriage to the railroad station for transportation to the defendant's place of business. The whole question, whether the defendant dealt with the plaintiff as his direct agent, and whether the services rendered and the expenditures made by the plaintiff were reasonable and necessary and justified by the relations between the parties, related to facts within the province of the jury to determine.

Testimony to the effect that the defendant had made claim against W. R. Grace & Company for breach of contract in not delivering the merchandise in Boston appears to have been remote from any issue on trial and ought to have been ex-

cluded. We are, however, of opinion that this error has not injuriously affected the substantial rights of the defendant and that a new trial ought not to be granted on this account. There was no error in the admission of other evidence touching which exceptions were saved.

The record in this case is inordinately long and ought to have been much abbreviated. *Isenbeck* v. *Burroughs,* 217 Mass. 537. *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534, 537, and cases cited. A careful reading of it all convinces us that no injustice has been done the defendant by the trial. G. L. c. 231, § 125.

*Exceptions overruled.*