**Elmer Doty, Appellee, v. Charles L. O'Neill and E. T. O'Neill, Trading as O'Neill Brothers, Appellants.**

**Gen. No. 8,669.**

Opinion filed October 24, 1933.

W. H. DYER and GOWER, GRAY & GOWER, for appellants.

ANKER C. JENSEN, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The parties to this appeal are creditors of one J. L. Schmeltzer. They controvert in this action the right to the proceeds of the sale of a part of their debtor's personal property. The property was sold at public auction under a chattel mortgage given by Schmeltzer to the appellants. In a justice's court the appellee obtained a judgment against the appellants, who are doing business under the name of O'Neill Brothers, for $274.50, which was the amount obtained at the sale for the property. Upon appeal to the circuit court of Kankakee county there was a verdict and judgment for the appellee for the same amount.

The appellee claims that he was the owner of the property under a bill of sale given to him by Schmeltzer before the execution of the mortgage. These two documents were given by Schmeltzer for his pre-existing debts to these parties. The bill of sale is dated and was signed by Schmeltzer on February 20, 1931. The mortgage is dated February 16, 1931, the acknowledgment thereof is dated February 23, 1931, and it was recorded on February 24, 1931. The evidence is in direct conflict on the questions as to

whether the mortgage and note were signed on February 22, or February 23, 1931, and whether Schmeltzer acknowledged the mortgage before the justice of the peace whose name appears to the acknowledgment.

It is maintained by the appellants that the bill of sale was in fact given as security for the debt due the appellee and it is in legal contemplation a chattel mortgage and void because not recorded as required by law. However, these questions of fact, and all assignments of error not going to the merits of the case, will, for the present, be laid aside so that the position and rights of these parties may be determined as they are fixed by the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 4 *et seq.*, which, irrespective of the facts, is relied upon by both parties to sustain their respective rights to the personal property and the proceeds thereof.

The appellee did not at any time take possession of the property mentioned in his bill of sale, although it consisted of farm implements and machinery capable of delivery and removal. Neither did the appellee in any manner by hiring to Schmeltzer, by notice, nor exercise of dominion of ownership of the property, give any outward manifestation of his ownership of the property. So far as the record shows, the property remained in the sole, exclusive and open possession and use of Schmeltzer, until it was sold under the mortgage on February 29, 1932.

The appellee contends that the evidence shows that Schmeltzer, before he signed the mortgage, told the appellants that the appellee had a bill of sale for some of the chattels described in the mortgage. Also, the appellee argues that regardless of whether the appellants had knowledge of the existence of his bill of sale, under the rule of section 19 of the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 22, the title to the chattels was transferred to the appellee by the bill of sale, although possession of the chattels was retained by Schmeltzer;

that under sections 20 and 23 of said Act, Cahill's St. ch. 121a, ¶¶ 23 and 26, Schmeltzer could transfer no better title than he had, and having executed the bill of sale, he had no title to transfer by chattel mortgage. It is also argued by the appellee that said section (and he relies in particular on said rule 1 of section 19) changes the rule of law existing in this State before the passage of the Uniform Sales Act, viz., that a sale of personal property when the seller retains possession of the chattels is deemed fraudulent as to creditors of the seller without notice to the sale. *Jacobson v. Patterson,* 190 Ill. App. 266.

The appellants maintain that under sections 25 and 26 of the Sales Act, Cahill's St. ch. 121a, ¶¶ 28 and 29, the retention of the possession of the goods by Schmeltzer after the execution of the bill of sale is deemed fraudulent under the rule of law of this State, and a creditor of Schmeltzer may treat the bill of sale as void.

Under the instructions given to the jury by the trial court, the correct construction of these sections of the Sales Act is the crux of the case, and thereupon depends the determination of the rights of these parties to the proceeds of the sale of the personal property in dispute, subject, however, to the question of fact as to whether the appellants had knowledge of the bill of sale when the chattel mortgage was executed.

On behalf of the appellee the court instructed the jury that section 19 of the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 22, provides that where there is an unconditional contract to sell specific goods in a deliverable state, the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed.

On behalf of the appellants the court instructed the jury that where a buyer of personal property, capable of immediate delivery, suffers the same to

remain in the possession of the seller and another party in good faith and without notice of the former sale, takes a chattel mortgage upon the same property and obtains actual possession of the property by foreclosure and sale under the mortgage, the person who first bought the property and did not take possession of it, has no rights in the property, or the proceeds thereof, after such foreclosure sale, etc.

Under the material facts in this case these two instructions are contradictory and irreconcilable. This being true, it cannot be said that there has been a full and fair trial of the issues of the case. We are of the opinion that the giving of the instruction for the appellee was erroneous in this case, although it is substantially in the words of the statute.

Rule 1 of section 19 of the Sales Act, Cahill's St. ch. 121a, ¶ 22, is given as a guide to ascertain the intention of the parties to a sale, when the subject matter of the sale is personal property and the title to same is to be considered as passed to the buyer, if their intention is not apparent from the contract of sale. Such intention of the parties to the sale, if undisclosed or unknown to creditors of the seller, cannot affect the rights of such creditors. This view of said rule clearly appears from the first paragraph of section 19, which is as follows: "Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer."

The transfer of title to goods by sale so far as the rights of the creditors of the seller are concerned, is provided for in sections of the Sales Act appearing subsequent to section 19 thereof, as will hereinafter appear. An examination of the session laws of 1915 shows that Part Two of the Act is entitled, "Transfer of Property as Between Seller and Buyer." Said section 19 appears under Part Two and is headed, "Rules

for ascertaining intention.'' Rule 1 is a restatement of the rule at common law that title may pass between the parties to the sale, although possession is retained by the seller. No cases have been cited holding that said rule is to be applied when the rights of creditors of the seller are involved. *John B. Frey Co. v. Silk, Inc.*, 245 Mass. 534, 140 N. E. 259; *Bank of Italy v. Merchants' Nat. Bank*, 185 N. Y. S. 43; *Idaho Products Co. v. Bales*, 36 Idaho 800, 214 Pac. 206; *Cassinelli v. Humphrey Supply Co.*, 43 Nev. 208, 183 Pac. 523.

It is erroneous to conclude that said Rule 1 alters the rule existing for many years in this State, that if the seller remains in possession of the goods, the sale is fraudulent as to creditors of the seller without notice of the sale. (*Jacobson v. Patterson, supra.*) Cases decided since the passage of the Uniform Sales Act have adhered to the rule existing before the enactment of section 19. *Smith v. Knemoeller*, 204 Ill. App. 606; *Grimes v. Rodgers*, 263 Ill. App. 429; *Hallet & Davis Piano Co. v. Starr Piano Co.*, 85 Ohio St. 196, 97 N. E. 377. The correctness of this conclusion will further appear when section 26 of the Act, Cahill's St. ch. 121a, ¶ 29, is hereinafter considered.

Schmeltzer did not reserve the right of possession of the goods transferred by the bill of sale to the appellee, and that alone is sufficient to eliminate section 20 of the Act, Cahill's St. ch. 121a, ¶ 23, from consideration.

Section 23 of the Sales Act, Cahill's St. ch. 121a, ¶ 26, provides: ''(1) Subject to the provisions of this Act, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell.

"(2) Nothing in this Act, however, shall affect
"(a) . . . any enactment enabling the apparent owner of goods to dispose of them as if he were the true owner thereof."

By section 26 of the Act, Cahill's St. ch. 121a, ¶ 29, it is enacted as follows: "Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods, and such retention of possession is fraudulent in fact or is deemed fraudulent under any rule of law, a creditor or creditors of the seller may treat the sale as void."

Construing section 26, the courts of the various States where the Uniform Sales Act is in force have followed the rule of their own State, that retention of possession of goods by the seller is deemed evidence of fraud upon creditors of the seller. This evidence is conclusive, or rebuttal, according to the pre-existing rule in the State where the question is decided. *Shipler v. New Castle Paper Products Corp.*, 293 Pa. 412, 143 Atl. 182; *Freedman v. Avery,* 89 Conn. 439, 94 Atl. 969; *Holley v. Haile Motor Co.,* 177 N. Y. S. 429.

We are, therefore, of the opinion that the appellants obtained a valid title to the personal property in question under their recorded chattel mortgage if they had no knowledge of the existence of the bill of sale. The jury should have been so instructed.

The appellants having obtained possession of the goods under their chattel mortgage, it is not material if the mortgage was acknowledged or not. *First Nat. Bank of Crockett v. Barse Live Stock Commission Co.,* 198 Ill. 232; *Southern Surety Co. v. Peoples State Bank,* 243 Ill. App. 195, rev'd 332 Ill. 362. This will dispose of the errors assigned as to the court erring in admitting and rejecting evidence. The question of fact as to whether the appellants had knowledge of the existence of the bill of sale before accepting the

chattel mortgage not having been fairly submitted to the jury, we cannot say that the verdict is contrary to the manifest weight of the evidence.

That a pre-existing debt is a good consideration of a transfer of property by the debtor to one of his creditors, and that the debtor may so prefer a creditor to the detriment of his other creditors is established by the following cases: *Kranert v. Simon,* 65 Ill. 344; *Butters v. Haughwout,* 42 Ill. 18.

The judgment of the circuit court of Kankakee county is hereby reversed and the case remanded.

*Reversed and remanded.*